Putnam, J.,
delivered the opinion of the Court. The demandant claims as heir at law, and the tenant in virtue of a deed from the administratrix of Thomas Leverett, deceased, made pursuant to an order of the Court of Common Pleas of this county, April term, 1783, licensing the sale of said deceased’s real estate for the payment of his debts. The demanded premises were assigned to his widow as her dower, and she has deceased.
It has been contended, for the demandant, that the deed did not convey the reversion; because the court had no authority to license the administratrix to make sale of a reversion, living the tenant in dower; and, 2dly, because, if such authority were duly granted, the deed did not include and contain the reversion, but excluded and excepted it; and, 3dly, that the administratrix did not observe the rules of law in posting notifications of the sale.
By the provincial act of 1696, 8 Will. 3, c. 37, (1) all lands or tenements are to be charged with the payment of debts; and the 36th chapter of the same year, (2) for .the equal distribution of insolvent estates, has this provision : “ saving unto the widow her right of dower, according to law, in the houses and lands of the deceased ; •the widow’s dower, at the expiration of her term, to be also distributed among the creditors in a like proportion.” The construction of the demandant is, that by the phrase, “the widow’s dower at the expiration of her term,” the legislature intended that the reversion should not be sold before the death of the dowager; and this construction is said to *be fortified by the statute ol 1784, c. 2, providing that the judge of probate shall order the residue of the estate, both real and personal, (the real estate being sold according to law,) to be paid and distributed to the creditors, “ saving unto the widow (if arty there be) her right of dower in the houses and lands of the deceased, which dower, (unless the reversion shall be sold by the executor or administrator, and dis *35 tribuled with the other estate, which the judge may order, if he see ft, 'pan application therefor,) at the expiration of her term, shall also be distributed in like proportion; ” for that, by a reasonable and consistent construction, it seems to be considered that the reversion is not to be sold, unless the judge of probate may see fit to order it; and as the judge had no such authority prior to the statute of 1784, the evident meaning is, that the sale of that portion of the estate should be deferred until the life estate should fall in. (a)
But we do not think this is the true meaning of the acts. The manifest intent of the legislature was to subject all the real estate of deceased persons to the payment of their debts ; and if they should be insolvent, that the creditors (with some exceptions) should have an equal distribution.
It might often happen that the omission to sell the reversion would occasion the insolvency. Suppose the sale of two thirds of the real estate should pay ninety per cent.; how could it be ascertained with a certainty, without a sale, that the reversion would not supply the deficiency ?
But the widow’s dower, technically considered, does not exist at the expiration of her term. Dower is a provision for the support of the widow ; and the estate which was, by the statute, to be sold and distributed, was the reversion expectant upon the decease of the widow. The words “widow’s dower,” we think, were intended to express the reversion, and not the dower itself; and the words “ at the expiration of her term ” are considered as part of the description of the estate which might be presently sold ; as equivalent to the phrase “ expectant upon * the decease of tenant for life,” and not as expressing an intent that the sale should be postponed until that event should happen. And it would be unreasonable to delay the payment of the creditors until that time. The delay would probably be prejudicial to them ; for we much doubt whether they would receive as great a proportion of their debts with interest, from a sale after the death of the widow, as they would realize by a present sale of the reversion. We are satisfied that the court was fully authorized to grant the order for the sale of the reversion.
And we have no doubt that it is contained, and intended to be contained, in the deed in the case. The whole estate is described by metes and bounds, “ excepting from the granted premises the widow of said Thomas’s dower, which hath been set off by the judge of probate; ” and in the covenant the administratrix warrants “ against all encumbrances, excepting the widow’s dower.” These *36 expressions, connected with the recital of the authority to sell the whole estate, satisfy us that the administratrix referred to the dowel as an existing encumbrance, and not for the purpose of excluding the reversion from the operation of the deed.
In respect to the alleged want of evidence that notifications were posted according to the order of court, we are of opinion that the jury might have inferred that fact from the testimony submitted to them, (a) The deed was executed more than thirty years ago; and the possession of the two thirds has followed it without objection, until lately, since the death of the widow. If there had been a defect of notice, it would have been fatal as to the whole; and an acquiescence, on the part of the heirs, for so great a length of time, must have had weight with the jury, independently of the deficiency of the records in the probate office, which was proved. This point was properly submitted to the jury ; and, as it seems to us, was by them rightly decided. Upon the whole matter, it is our opinion that judgment must be entered for the tenant according to the verdict.

 Ancient Charters, &c. 292.

 Ibid. 290

 Whitney vs. Whitney, 14 Mass. Rep. 28.-— Sumner vs Parker, 7 Mass. Rep. 79.

 Every thing in this respect ought to be presumed rite esse acta, until the contrary be shown. — Hawley vs. Cramer, 4 Cowen, R. 731.