JAMES N. SEVER *vs.* NATHANIEL RUSSELL.

This court, as a court of chancery, has no jurisdiction, where the ground of the application is the alleged fraud or improper conduct of an executor, in the execution of his trust as such, in reference to a matter properly embraced in and settled by his account as executor in the probate court; even though such account was settled without notice to the parties interested.

THIS was a bill in equity, from which, and from the answer thereto of the defendant under oath, and certain exhibits produced by the plaintiff, the following case appeared: —

Mercy Sever, widow, died on the 9th of February, 1810, leaving a will dated on the 20th of December preceding, by which she appointed the defendant her executor, and provided that all the property, of which she might die seized, should be placed in the hands of her son George Russell, he becoming "obligated" to pay the interest of the whole sum, annually, to her daughter Nancy Sever, during her widowhood; and, after her marriage or decease, the property to pass, one half of it to captain James Sever, and the other half to the children of John Sever, deceased, in equal shares.

The defendant, as executor, returned an inventory into the probate court, of the estate of the testatrix, amounting to $2172·55; and, on the 7th of August, 1811, presented his account as executor, in which he charged himself with the amount of the inventory, and claimed an allowance and was allowed for sundry expenses and payments, by which the account was balanced. Amongst the payments allowed was one of $1600 to George Russell, being the residue of the estate of the testatrix, after all the other payments had been made, in compliance with the direction of the will; for which payment George Russell gave the defendant a receipt and obligation, by which he undertook to pay the interest and dispose of the principal of the said sum, agreeably to the will of Mercy Sever. It did not appear by any record or document in the probate court, that the parties interested had any notice of the presentation and settlement of this account.

From the 7th of August, 1811, when this account was

settled, George Russell paid the interest of the said $1600, annually, to Nancy Sever, until his decease in 1822. The defendant was appointed administrator of George Russell, and as such represented his estate as insolvent. Commissioners of insolvency being appointed, the defendant, as the executor of the will of Mercy Sever, laid before them and proved, as a demand against the estate of George Russell, the receipt and obligation given by him to the defendant on receiving the said sum of $1600 from the estate of Mercy Sever. On this demand, which was allowed by the commissioners, the defendant received a dividend of $1062·25, which, with the common consent of all concerned, (although always ready to give it up to any one competent to receive the same,) he retained in his hands as *quasi* trustee under the will of Mercy Sever, and paid the interest thereon, $63·75, annually, to Nancy Sever, until just before her death on the 14th of May, 1848.

The plaintiff, as one of the heirs of John Sever, and as administrator of the estate of Nancy Sever, brought this bill, in his own individual right, and as such administrator, and in behalf of all other persons entitled to shares in the trust above mentioned, who should come in as parties, and contribute to the expenses of the suit, to have the defendant adjudged trustee of the whole sum of $1600, paid by him from the estate of Mercy Sever, to George Russell, and decreed to pay over the same, with interest, to the parties to whom it was bequeathed, after the decease of Nancy Sever.

The plaintiff averred, in the bill, among other things, that on the settlement of the defendant's account as executor of Mercy Sever, no notice whatever was given to the parties interested to be present; that George Russell, at the time of the alleged payment to him, was insolvent, and so known to be by the defendant; that he never gave bond, agreeably to the statute of 1811, *c.* 96, "requiring the trustees of the property of minors and others to give bond in certain cases;" nor was he appointed trustee by the judge of probate; both of which conditions would probably have been required of him, if the parties interested had known of the presentation of the

defendant's administration account to the judge of probate; that the said sum of $1600 was paid by the defendant to George Russell, in part, namely, to the amount of $1114·25, by the defendant's paying that sum on a note to William Sever, for which the defendant was liable as the surety of George Russell, and the balance was made up of other claims of the defendant on George Russell; and that if the defendant, according to the true intent of the will of Mercy Sever, had paid the amount of $1600, in money, to said George, or had put real value into his hands to that amount, he might have safely invested the same, as trustee in fact, though not appointed by the probate court; so that his insolvency never would have prevented him from a faithful payment of the interest and principal of the whole sum, as directed by the will of Mercy Sever.

The plaintiff, further averring that matters of trust, and cases in which there are more than two parties having distinct rights and interests, which cannot be justly and definitively decided and adjusted in one action at law, are by statute made relievable by this court in equity, prayed the court to adjudge and decree, that the defendant was trustee of the entire and full sum of $1600, with interest from the time George Russell last paid interest before his death in 1822, deducting therefrom the amount of the payments of $63·75, annually, by the defendant since the decease of George Russell; that the receipt and obligation of the latter to the defendant, described in the defendant's account, given as aforesaid, was no discharge of the defendant, or payment within the meaning of Mercy Sever's will, by the defendant, of the said sum of $1600; and that the defendant should be decreed to pay the full sum aforesaid, with the arrears of interest thereon, to the parties entitled to the same, without any deduction by reason of George Russell's insolvency.

The defendant, in his answer, averred, among other things, that the sum of $1114·25, part of the $1600, charged in his account as paid by him to George Russell, was paid for George Russell on a note signed by him and by the defendant as his surety, in good faith, and as he believes, at George

Russell's request; that the residue of said sum of $1600 was paid in cash ; that the defendant had annually paid Nancy Sever the interest on $1062·65, received by him from the estate of George Russell, in 1822, from that time to January, 1848; that he was and always had been ready and willing and had offered to pay the plaintiff, as the administrator of Nancy Sever, interest on the said $1062·65, from January 1st, 1848, to May 14th, 1848 ; that he was ready and had offered to pay one half of said $1062·65 to the executors of captain James Sever, and the other half to the children of John Sever deceased, with interest from Nancy Sever's de. cease, excepting therefrom what the court might allow the defendant for his services, and excepting also the share of one of the children of John Sever, deceased, who had received his share of said $1062·65, of the defendant, and had discharged him in full therefor; that, from the time of the payment to George Russell, in 1810, down to the time of the death of Nancy Sever, nearly thirty-eight years, the said payments, acts and proceedings of the defendant, as the executor of Mercy Sever, had been acquiesced in by all persons interested in the trust fund, so far as the defendant ever knew or could recollect; that such acquiescence was a bar to the plaintiff's claim ; that no action at law or in equity could be brought against the defendant for any unfaithful discharge of his duty as the executor of Mercy Sever's will, after such a lapse of time ; that the settlement of the defendant's account in the probate court rendered the matter a thing adjudged ; and the defendant insisted on the statute of limitations, and claimed the benefit thereof, as if pleaded.

*E. Ames,* for the plaintiff, to the points considered by the court, argued as follows : —

1. This bill is analogous to one brought to set aside a decree of the probate court for fraud; it charges the defendant with having derived an advantage to himself, at the expense of the property committed to his charge ; and it seeks to recover the amount of such loss.   Against such a bill, therefore, the proceedings of the probate court would not protect the defendant, even if all the parties in interest had

been duly notified thereof. *Giffard* v. *Hort*, 1 Sch. & Lef. 386, 396 ; *Loyd* v. *Mansell*, 2 P. Wms. 73 ; *Richmond* v. *Tayleur*, 1 P. Wms. 734 ; Welford, Eq. Pl. 246, 247, and cases there cited.

2. The record showing no notice, it is to be presumed, that no notice was given ; and, therefore, the allowance of the account by the judge of probate is not binding on the *cestui que trust*. *Hathaway* v. *Clark*, 5 Pick. 490 ; *Brunswick* v. *McKean*, 4 Greenl. 508 ; *Chase* v. *Hathaway*, 14 Mass. 222 ; *Wiggin* v. *Swett*, 6 Met. 194, 199 ; 1 Greenl. Ev. § 20.

The counsel also argued the case fully upon the merits, citing *Elliot* v. *Merryman*, Barn. Ch. 78 ; *Keech* v. *Sandford*, 3 Eq. Ca. Ab. 741 ; 1 White & Tudor's Lead. Eq. Ca. (Am. ed.) 47–55, 58–77 ; Lewin, Tr. 288 ; *Chapin* v. *Weed*, 1 Clark, Ch. 464, 469 ; *James, ex parte*, 8 Ves. 337, 345 ; *Poillon* v. *Martin*, 1 Sandf. Ch. 569 ; *O'Herlihy* v. *Hedges*, 1 Sch. & Lef. 123, 126.

*W. Davis*, for the respondent.

WILDE, J. Several points have been stated and argued by counsel in this case, which we have not found it necessary to consider, the court being of opinion, that this court as a court of chancery has no jurisdiction. The case of *Jennison* v. *Hapgood*, 7 Pick. 1, 7, is directly in point ; and the law in that case is, we think, laid down by chief justice Parker with entire accuracy : " As to all the accounts and proceedings in the probate court, where upon the face of them that court has jurisdiction, this court, as a court of chancery, has no jurisdiction, but will hold all that has been properly done there as conclusive. If any one was injured by any order or decree of that court, the remedy was by appeal to the supreme court of probate. If, as the plaintiffs allege in the amended bill, the proceedings were void for fraud, and if the plaintiff may treat them as a nullity, that would not give this court, as a court of chancery, original jurisdiction. If the proceedings are merely void, the defendant must be cited to account in the probate court. If errors have happened, they are to be corrected in that forum, if corrected at all." All these remarks apply directly to the present case. The defendant was

the executor of the last will and testament of Mercy Sever, and he settled his final account of administration in 1811, which was then allowed by the judge of probate.

It has been argued, that no notice was given to the parties interested of the settlement of the account, and it does not appear by the record that any notice thereof was so given. But, if there had in fact been no notice, the defect would not give this court, as a court of chancery, jurisdiction, as before remarked. But there is no doubt, that notice in this case must be presumed. It is remarked by Jackson, J., in the case of *Brown* v. *Wood*, 17 Mass. 68, 72, that "Upon the common presumptions in favor of every judicial tribunal, acting within its jurisdiction, we must suppose that all persons concerned had due notice. The presumption in the present case is strengthened by the knowledge we have, that in many counties, it was not customary to mention in the decree, that such notice had been given." So, after a long acquiescence of heirs and creditors in the sales of real estates, by executors and administrators, notice of the sales by them may be presumed. *Leverett* v. *Armstrong*, 15 Mass. 26. And after such a long acquiescence in the settlement of the defendant's account, it may be well doubted, whether it ought to be opened on a charge of fraud. The counsel for the plaintiff admits that the defendant is not chargeable with any moral fraud; and we apprehend it would be difficult to make out a fraud in law. But it is not necessary to advert to the facts on this point, as it cannot be decided so as to bind the parties in this action.                                *Bill dismissed.*