FORDYCE ALEXANDER *vs.* ELISHA J. PITTS.

Where the advertisement and notice of sale of real estate, for non-payment of a tax of three dollars and thirty cents, state the amount of the tax to be four dollars and twelve cents, the sale is void.

THIS was a real action, tried before *Dewey*, J., and by him

reported, for the consideration of the whole court, after a ver dict for the demandant. The tenant claimed title to the de-manded premises, under a collector's sale of the same for non-payment of taxes, assessed on Mosely Clapp. To the validity of this title, the demandant, who claimed under a subsequent deed from Clapp, objected, among other reasons, because the tax assessed to Clapp upon real estate, was $3.30; but the advertisement and notice of sale by the collector stated the amount of tax on real estate at $4.12. The collector testified that, in point of fact, he sold only to satisfy the tax of $3.30 and his fees, and that the land did not sell for enough to pay the fees, over and above the tax.

The court were to enter such judgment, or make such further order, as might be proper.

*G. T. Davis* and *C. Allen*, for the tenant, cited *Mussey* v. *White*, 3 Greenl. 296; *Sprague* v. *Bailey*, 19 Pick. 436; *Blackburn* v. *Walpole*, 9 Pick. 102; *Torrey* v. *Millbury*, 21 Pick. 67.

*D. Aiken*, for the demandant.

BIGELOW, J.   The tenant's title in this case is derived from a sale of the estate by the collector for non-payment of a tax.   To defeat the title thus acquired, various objections have been taken to the validity of the tax, and to the regularity of the proceedings of the collector in advertising and selling the demanded premises, all of which we have not found it necessary to consider, because there is one which is decisive of the present case.

By Rev. Sts. *c.* 8, §§ 24, 25, it is provided, that a collector of taxes shall give notice of the time and place of sale of any real estate taken for taxes, by an advertisement thereof, to be published in the manner therein specified; which advertisement shall state the names of the owners, " with the amount of the taxes assessed on their lands respectively." It appears by the evidence, that in this case the tax assessed on the demanded premises, for which they were sold by the collector, was three dollars and thirty cents; but that the advertisement and notice of sale by the collector stated the amount of the tax to be four dollars and twelve cents; being an excess of nearly twenty five per cent. over the actual tax.   There was there-

fore a failure by the collector to comply with the requisitions of the statute. The advertisement did not state the amount of the tax assessed on the land, but stated a wholly different amount, and, for all legal purposes, might as well have contained no statement whatever of the amount of the tax. To comply with the statute, the exact amount must be given. A deviation, however small, is fatal, because a rule of law cannot be made to fluctuate according to the degree or extent of its violation.

It is of great importance to the rights of property, that positive regulations of statute, which authorize its seizure and sale, without the consent of the owner, should be strictly complied with. These regulations are the legal formalities, as essential to the validity of the sale and the transfer of title, as are the common and ordinary forms of making and executing deeds between individuals. It is upon this principle that sales of real estate by executors and administrators for the payment of debts, under a license of court, have uniformly been held invalid, as against those whose interests are affected thereby, unless every essential requisite and direction of law have been faithfully complied with. See *Knox* v. *Jenks*, 7 Mass. 488; *Colman* v. *Anderson*, 10 Mass. 105; *Leverett* v. *Armstrong*, 15 Mass. 26; *Pierce* v. *Benjamin*, 14 Pick. 356; *Farnum* v. *Buffum*, 4 Cush. 260; *Osborn* v. *Baxter*, 4 Cush. 406.

It was urged in argument, by the counsel for the tenant, that the provision of the statute, requiring the amount of the tax to be stated in the advertisement, was directory merely, and did not constitute a condition precedent to the validity of the sale. But we cannot so regard it. The object of the legislature in enacting this provision was to give notice of the amount of the tax to the owner of the land upon which it was assessed, that he might appear and discharge the tax according to the provision in § 28, and thus prevent the sale. In case of non-resident owners of real estate, having no attorney in the town where the land is situated upon whom a demand can be made under § 20, the first notice to the owner of the amount of the tax, required by law, is in the advertisement and notice of sale under §§ 24, 25, 27. Besides; notice of the

amount of the tax might be material to enable persons to judge how much of the real estate would be equivalent to the tax and intervening charges; (that being all that the collector has power to sell under § 28;) and of the expediency of attending the sale, and bidding on the estate. It is therefore a provision of law, intended for the security and benefit of the citizen, and not a mere regulation of business, or mode of proceeding, having no effect on individual rights. Such being the case, it follows that this provision of the statute is in its nature a condition precedent to the validity of the sale by the collector, and cannot be regarded as directory only. See *Torrey* v. *Millbury*, 21 Pick. 67.

*Judgment on the verdict for the demandant*