THAYER & al. versus MAYO & als.

A levy of land on execution, "reserving and excepting such incumbrances and conveyances as have been made prior to the levy," is too indefinite and uncertain, to be sustained.

A levy of land, appraised at an amount, greater by fifty-two cents, than the sum to be collected on the execution, is void.

ON FACTS AGREED.

DEBT on judgment.   The defence was, that an execution, issued on the judgment, had been satisfied by a levy of real estate.   On the other hand, it was contended that the supposed levy was defective and void.

The appraisers' return, so far as material to this point, was as follows : —

"Having viewed the following lands and tenements, to wit, one undivided twenty-first part of that parcel of land, situate in Frankfort in the county of Waldo, known as the Frankfort Granite Quarry, conveyed by, &c. ; intending to set off one undivided twenty-first part of the whole of said land, from said Mayo's interest in the whole, including one twenty-first part of all the buildings and fixtures thereon and privileges and appurtenances, reserving and excepting such incumbrances and conveyances as may have been made prior to the levy.   Also, one undivided twenty-first part of land conveyed by Oliver Parker and the heirs of the late Joshua Treat to said Ellis and Mayo, from said Mayo's part thereof, together with one twenty-first part of the buildings, fixtures, privileges and appurtenances belonging to the same, being shown to us by Edward R. Southard, one of the creditors, as the property of the within named John M. Mayo, one of the debtors, and we have appraised said lands and tenements at the sum of nine hundred and thirty-one dollars and fifty-five cents, the amount of this execution with all fees and charges."

The officer's return was appended to the appraisers' certificate, and stated that "the appraisers viewed the above described lands and tenements, which were shown to them and me by the said Edward R. Southard, as the estate of the within

named John M. Mayo, and I have extended this execution on the said described lands and tenements by said appraisers appraised at the sum of nine hundred and thirty-one dollars and fifty-five cents, which is the amount of this execution and all fees and charges ; and I have delivered seizin and possession of the same with the appurtenances to the said creditors, to have and to hold the same to him *and said Thayer, the other creditor*, and his heirs and assigns forever in satisfaction of this execution, all which appears, and so I return this execution satisfied."

The fees and charges of levy were affixed, amounting to $23,09. On the day of the levy, one of the plaintiffs certified, under the officer's return, that the officer had delivered to him seizin and possession, &c. The judgment and execution are referred to.

*M. L. Appleton*, for the plaintiff.

The judgment has never been satisfied. The supposed levy was void. It conveyed no title, no rights to the plaintiffs.

1. The appraisal does not set out the interest or share which Mayo had in the estate ; nor does it describe the estate by metes and bounds or by any other such mode, that it can be known and identified.

The land levied is insufficiently described. It purports to be one twenty-first part of the lot, "from said Mayo's interest in the whole ;" excepting and reserving such incumbrances and conveyances as may have been made prior to the levy. What those incumbrances and conveyances were, the appraisers did not know, nor pretend to know. *Bussey* v. *Grant*, 20 Maine, 281.

2. There is another fatal defect in the levy. The case refers to the judgment and execution. And the officer's return shows the expenses of the levy. On computation it appears that too much land was taken ; more than enough to satisfy the execution, interest and expenses. *Dwinel* v. *Soper*, 32 Maine, 119 ; *Pickett* v. *Breckenridge*, 22 Pick. 297.

*Kelley*, for the defendants.

Thayer *v.* Mayo.

It has been urged, that the levy does not set out Mayo's interest in the land. I think otherwise. It sets forth that he owns one half, and sets off one twenty-first part of the whole, to be taken from his half.

Again, the plaintiff objects, that the levy contained a reservation of such incumbrances as may have existed upon the estate. But there was nothing for the reservation to operate upon. For it does not appear, that any conveyance or incumbrance had ever been made by Mayo.

Further, the levy was objected to, because too much land was set off. If it were so, the levy would not be *ipso facto* void. It would be but voidable, and *Mayo,* not the plaintiffs, is the party who has the election to avoid it. He affirms the levy; and I now offer, in his name, to file for the use of the plaintiff a release of the land, with a bond to any amount to protect the title.

But there is no legal evidence that too much land was taken. The officer asserts that the land was set off at $931,55, and that that was the amount, including expenses, to be collected on the execution. True there are some minutes at the foot of the return, in form of a schedule of charges. But it was not the officer's duty to furnish them nor does the levy refer to them. They cannot be allowed to contradict the full and express certificate of the officer, as to the amount due.

But if too much, the excess is only fifty-two cents, quite too small a trifle to defeat such a levy.

By the papers, it appears that the judgment was rendered upon the fourth day of July. But it was forbidden by statute that any Court should be held on that day. The judgment was therefore void.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

RICE, J. — This is an action of debt on judgment. The question presented for consideration, is whether that judgment has been satisfied by a levy, made Dec. 9, 1848.

Against the validity of that levy two objections are urged : *First*, that the description is uncertain and defective. *Second*, that the land taken exceeded in value the amount of the execution and fees. The land levied upon was held in common by the debtor with others. In such cases the statute, chap 94, § 11, provides, that the whole estate must be described by the appraisers and the debtor's share or part thereof, so held, be so stated by them ; and the whole or such part of the debtor's interest as may be necessary to satisfy the execution may be taken.

This provision requires, that the estate levied upon shall be so distinctly described that the parties may know, with certainty, what rights pass to the creditor. In this case the levy was made upon one twenty-first part of certain property described in the appraisers' certificate, "*reserving and excepting such incumbrances and conveyances as may have been made prior to the levy.*"

No reference is made to any particular conveyance or incumbrance. For aught that appears, the debtor's whole interest may have been conveyed before the levy, or it may have been incumbered to the full extent of its value. The rights acquired by the levy, if any, are therefore in the highest degree indefinite and uncertain. Such a levy cannot be sustained.

The amount of property taken by the levy exceeds the amount of the execution and fees by the sum of fifty-two cents. This excess, the defendant contends, is so inconsiderable as to fall within the maxim *de minimis non curat lex.* Though it has not been decided what precise sum shall constitute the line of separation between cases falling within the application of that rule, from those which do not, it has been adjudged, that forty-one cents is too large a sum to be deemed trivial by the law. *Boyden* v. *Moore*, 5 Mon. 365. That case has been cited with approbation by this Court in *Huse* v. *Merriam*, 2 Greenl. 375, and *Soper* v. *Veazie*, 32 Maine, 119, and is deemed decisive of the case at bar. The statute referred to by counsel for defendant,

forbidding the holding of Courts on the fourth of July, was approved Aug. 10, 1849, more than a year after judgment in the original action was rendered.   The defendant according to agreement must be defaulted.