## COUNTY OF OXFORD.

### HIRAM DAY versus JOHN M. SWIFT.

A delivery of personal property to one as collateral security, where there is no *written* conveyance of it, cannot be regarded as a mortgage.

To avail himself of such security as a *pledge*, he must retain possession of the property. If he permits it to go back into the hands of the pledgor, and he sells it, the vendee will acquire a good title thereto.

ON REPORT.

TROVER for a horse. *Jedediah Estes* testified,—I sold and delivered the horse to the plaintiff, for signing a note with me, as my surety, for $80, payable to defendant. Think defendant was present when I delivered the horse to plaintiff. Sometime afterwards he let me have the horse to use. Sold him to defendant afterwards, and informed him that plaintiff owned the horse. At the time of sale to defendant I agreed to pay the plaintiff for the horse. Soon after let the plaintiff have some sheep in part payment, about $15 worth. Plaintiff did not agree to re-sell the horse to me, before I sold to defendant. Have made no other payment towards the note.

*The plaintiff* was called by his counsel as a witness, and testified; " I bought the horse of Estes. Paid him by signing with him the note for $80. The defendant was present when the horse was delivered to me, and I signed the note. It was payable in one year. I gave Estes no authority to sell the horse. I have paid the note. Estes has paid a small sum towards the note.

" The sale to me was absolute. He sold the horse to me as security for signing that note. After the purchase, I took the horse to use."

Grosvenor *v.* Chesley.

Judgment to be rendered according to the legal rights of the parties.

The case was entered in 1859, and continued to be argued in writing.

*Gerry,* for defendants, submitted on brief.

No argument for plaintiff was furnished.

The opinion of the Court was announced by

DAVIS, J.— The plaintiff signed a note for the sum of eighty dollars, as surety for Estes, and took delivery of the horse in controversy as collateral security. As there was no *written* conveyance, it was not a *mortgage.* It could not be *recorded.* Neither can it avail the plaintiff as a *pledge* for he did not *retain* the possession. He delivered the horse back to Estes, who afterwards, sold him to the defendant. The defendant thereby acquired a good title as against the plaintiff. *Judgment for the defendant.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and KENT, JJ., concurred.