[No. 5154.]

W. B. TREADWELL v. H. L. PATTERSON.

| 51 | 637 |
| 118 | 625 |
| 51 | 637 |
| 135 | 184 |

SALE OF LAND FOR A TAX.—If a sale of land for a delinquent tax is made for a sum in excess of the tax and legal costs, the sale is void, unless the excess is less than the smallest fractional coin authorized by law.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*A. C. Freeman and J. C. & C. Ball,* for the Appellant.

*W. B. Treadwell,* in *propria personœ.*

By the Court:

The action is ejectment, and the plaintiff's title is founded on a sale for taxes and a sheriff's deed in pursuance thereof. The court finds that there was duly assessed upon the land in controversy a tax of twenty-eight dollars and sixty-eight cents, and that the land was sold to pay this tax "with the costs and charges due thereon." The costs and charges are accurately defined by the statute, and in this case consisted of an addition to the tax of five per cent. for the delinquency, amounting to one dollar and forty-three cents, and in addition thereto the sum of fifty cents, as authorized by section 3770 of the Political Code. An additional fifty cents for the certificate of sale, was also to be included as part of the costs. The several sums amounted, in the aggregate, to thirty-one dollars and eleven cents; and at the tax sale the land was sold for thirty-one dollars and forty-seven cents, being an excess of thirty-six cents over the whole amount due, including costs and charges. In such cases the rule, as stated by Judge Cooley in his late work on Taxation (p. 344), is that "a sale for anything more than is lawfully chargeable, is a sale without jurisdiction, and therefore void." On the same point see *Bucknell* v. *Storey* (36 Cal. 67.) In such cases the maxim *"de minimis non curet lex,"* does not apply, except in a limited sense. The rule, as established by the authorities, is, that if the excess be as much as the smallest fractional coin authorized by law, the sale is void. (*Glidden* v. *Chase,* 35 Me. 90; *Thayer* v. *Mayo,* 34 Me. 139; *Grosvenor* v. *Cheney,* 48 Me. 368; *Boyden* v. *Moore,* 5 Mass. 365; *Pickett* v. *Breckenridge,* 22 Pick. 297; *Cheney* v. *Stevens,* 97 Mass. 77.) Tested by this rule, the sale in this case was void. Nor does section 3811 of the Political Code, which is a new section added to that Code by the amendments of 1873–4, aid the plaintiff's case. That section

provides that where property is advertised for sale for delinquent taxes, and the assessment is valid in part and void for the excess, the sale shall not be invalid, unless the owner, not less than six days before the time at which the property is advertised to be sold, shall deliver to the tax-collector a written protest, stating the portion of the tax which he claims to be illegal, and the grounds on which said claim is based. This provision, by its terms, applies only to cases in which the assessment is claimed to be illegal in part. In the present case no such objection is urged against the assessment. It is not claimed to have been illegal in whole or in part, but the sale is attacked on the ground that it was for a larger sum than the entire assessment and all lawful costs and charges.

Judgment and order reversed, and cause remanded with an order to the court below to enter a judgment for the defendant.