[No. 9726. Department Two. — May 25, 1888.]

R. F. KNOX ET AL., RESPONDENTS, v. CHARLES B. HIGBY, APPELLANT.

TAXATION — SALE FOR EXCESSIVE AMOUNT IS VOID. — A sale of property for taxes for an amount in excess of the tax legally due thereon and costs is void.

ID. — ASSESSMENT OF LAND — IMPROVEMENTS ON OTHER LAND — SALE CANNOT INCLUDE BOTH ASSESSMENTS. — A particular tract of land, and improvements situated upon a different tract, although owned by and assessed to the same person, cannot be sold together for the aggregate amount of the assessments. If such a course be pursued, the sale is void both as to the land and the improvements.

EVIDENCE — VARIANCE — OBJECTION MUST BE TAKEN ON TRIAL. — An objection to the admission of evidence on the ground of variance must be taken on the trial; otherwise it will not be considered on appeal.

ID. — INSUFFICIENT OBJECTION. — An objection to evidence on the ground that it is immaterial, irrelevant, and incompetent, in that it does not support the allegation of the complaint, is not sufficient to raise the question of variance.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The action was brought to quiet title to a tract of mining ground in Calaveras County, as against an adverse claim asserted thereto by the defendant under a certificate of sale for taxes. The complaint alleged that upon the assessment roll the assessor described the property as follows: —

"'BOSTON QTZ. MINE,)
KNOX and OSBORN, }
R. F.        J.       )

"'Owp. of a certain Qtz. mine or lode, being mineral entry No. 626, designated by the surveyor-general as lot No. 44, embracing a portion —

| Mt. Diablo B. and M. | Sec. | T. N. | R. E. | A. |
|---|---|---|---|---|
| | 5. | 5. | 12. | 28 56-100. |

Val. R. E. $50,575. Situate in Buckeye Mining Dist., and embracing 3,000 linear feet of the Esperanza Gold

PLAINTIFF'S EXHIBIT F. — *Assessment-Book of the Property of Calaveras County for the Year 1881.*

Assessed to all known owners or claimants, and when unknown, to unknown owners or claimants.

| Tax-payer's Name. | Description of Property. | Section. | Township. | Range. | Number of Acres. | Value of Real Estate other than City and Town Lots. | Value of Improvements thereon. | Value of Personal Property, exclusive of money. | Deductions on account of Mortgages, Deeds of Trust, Contracts, or other obligations by which a debt is secured by lien on property. | Value of the interest of the Mortgage, Trust Deed, Contract, or other obligations by which a debt is secured in the property affected thereby. | Total Value of all Property after Deductions. (Changes by the County Boards of Equalization to be noted in red ink.) | Total Tax. CTS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Real Estate other than City and Town Lots — Subdivision of Sections, or Metes and Bounds; City and Town Lots; Improvements; Personal Property. | | | | | $ | $ | $ | $ | $ | $ | $ |
| BOSTON QTZ. MINE. | Ow'p of a certain Qtz. Mine or Lode, being Mineral Entry No. 626, designated by the Surveyor-General as Lot No. 44, embracing a portion of Mt. Diablo D. & M., situated in Buckeye Min'g Dist., containing. And embracing 3000 lineal feet of the Esperanza Gold Qtz. Mine, and more fully described in Book No. 4, pages 95 to 102, Records of Calaveras Co. Impts. a 20-stamp water-power Qtz. Mill, Boarding-House, Stable, Office, etc. | 5 | 5 | 12 | 28 56/100 | 83350 / 50575 (Reduced by Board of Equalization) | 16100 | 575 | 12000 | | 55250 | 1381 25 |
| {KNOX & OSBORNE} {R. F. & J.} | Interest in the above-described Real Estate created by mortgage to secure a debt given by R. F. Knox and J. Osborne to W. L. Palmer, dated Dec. 13, 1880, and recorded in Book J, page 253, Records of Calaveras County. | | | | | | | | | 12000 | 12000 | |
| PALMER, W. L. | Pers. Prop. cons. of 2 Vehicles, $200; Harness, etc, $75; 4 Horses, $300; Above property subject to mortgage dated Dec.13,1880, to W. L. Palmer. Interest in the above-described Real Estate created by mortgage to secure a debt given by R. F. Knox and J. Osborne to W. L. Palmer, dated Dec. 13, 1880, and recorded in Book J, page 253, Records of Calaveras County. | | | | | | | | | 12000 | 12000 | 300 00 |

Qtz. Mine, and more fully described in book No. 4, pages 95 to 102, Records of Calaveras Co.   Imp'ts, a 20-stamp water-power qtz. mill, boarding-house, stable, office, etc. Value of imp'ts, $16,100; pers. property, etc.   Above property subject to mortgage dated Dec. 13, 1880, to W. L. Palmer.

| Deductions on apc. Mortgage, etc. | Total val. less deduct | Total val. after equal. |
|---|---|---|
| $12,000 | $55,250 | $55,250 |

Total Tax......................$1,381.25.'"

On the trial, in support of this allegation, the plaintiffs offered in evidence exhibit F, being a part of the assessment book of Calaveras County.   The defendant objected to the evidence, on the ground that it was immaterial, irrelevant, and incompetent, in that it was not in support of the allegations of the complaint, but his objection was overruled.   In his statement on motion for a new trial, the admission of this evidence was assigned as error, because it varied from the allegations of the complaint.   The further facts are stated in the opinion.   On the preceding page is a copy of exhibit F.

*W. K. Boucher,* for Appellant.

*Gray & Haven,* and *Carter P. Pomeroy,* for Respondents.

FOOTE, C.—This action was brought to quiet the plaintiff's title to property which the defendant had bought at a certain tax sale, and for which he held a certificate of purchase.   The plaintiffs had judgment, from which, and an order refusing a new trial, the defendant appeals.

From the findings, which are, we think, supported by sufficient evidence, it appears that the assessment under which the sale took place was upon a certain quartz mine described by metes and bounds, and upon a mill and other improvements which were not situated upon the land which included the mine.   In other words, that

all the improvements which were assessed stood upon a different parcel or parçels or tracts of land from that which contained the mine assessed.

The sale was made at one time of all the property assessed, both the mine and the improvements which stood upon different tracts of land, for the tax assessed upon the whole property.

Thus it happened that the mine was sold for a sum of money assessed as a tax upon improvements which were situated on different tracts of land from that of the mine, and the improvements, which were not located on the same tract of land with the mine as assessed, were sold to pay an amount of money assessed as a tax upon the mine.

It has been repeatedly held in this state that property cannot be sold for a sum of money in excess of the tax legally due, and costs. (*Bucknall* v. *Story,* 36 Cal. 67; 13 Am. Rep. 220; *Treadwell* v. *Patterson,* 51 Cal. 637; *Harper* v. *Rowe,* 53 Cal. 236; *Axtell* v. *Gerlach,* 67 Cal. 483; *Boston Tunnel Company* v. *McKenzie,* 67 Cal. 485.)

Section 3718 of the Political Code provides: "Every tax due upon improvements upon real estate assessed to others than the owner of the real estate is a lien upon the land and improvements."

Of course a tax assessed and due upon improvements on the land of the owner is a lien upon both improvements and land.

It therefore appears in this case when the sale took place it was for a sum of money many dollars in excess of what the improvements were bound for, and also in excess of what the mine was obliged to pay. And this is true whether it be assumed that the owners of the land on which the improvements stood were the same, or different from those who owned the mine.

Suppose that a tax is assessed upon improvements situated in one part of San Francisco on a certain lot of land, and a tax is assessed upon a certain lot in another

part of the city, and both lots belong to the same person, can it be true that it is admissible to sell both the improvements and the second lot of land at the same time for the total amount of both assessments? It would seem that each tract of land must be sold for the exact amount of taxes which are a lien upon and assessed on that land, and cannot be sold for taxes which are a lien upon and assessed upon some other property.

The defendant contends that exhibit F to the plaintiff's complaint, which was a certified copy of the assessment roll affecting the property in dispute, was not admissible in evidence, and that if admissible, it did not show that the assessment was made to the Boston Quartz Mine as well as Osborne & Knox as the owners.

The ground of the exception taken on the trial to the introduction of this exhibit in evidence was not the one set out as an error of law in the statement on motion for a new trial.

The exception taken on the trial was, that the exhibit was immaterial, irrelevant, and incompetent, in that it did not support the allegations of the complaint; the assignment of error is, that the evidence *varied* from the allegations of the complaint. It is clear, from an inspection of the complaint, that the exhibit was in support thereof, and the defendant, if he had intended to rely on any variance between the allegations and the proof offered, should have made the point then and there, so that, if it were well taken, the court might have allowed an amendment of the complaint. Besides, the variance, if it existed at all, is immaterial, and did not mislead the defendant to his prejudice.

It is unnecessary to discuss other points made in the case, and we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.