[Civ. No. 509. Second Appellate District.—October 5, 1908.]

## JULIA P. WARDEN, Appellant, v. FRANCES BROOME et al., Respondents.

TAXATION—EXCESSIVE SUM IN DELINQUENT LIST—VOID SALE TO STATE FOR CORRECT SUM.—When the delinquent list, as published, contained an erroneous statement of an amount of taxes, penalties and costs in excess of the sum authorized by law, a sale made thereunder to the state, though made for the correct sum, is void.

ID.—STRICT COMPLIANCE WITH LAW ESSENTIAL—SMALLEST DEVIATION FATAL.—In tax proceedings, in order to divest title, a strict compliance with the law is essential. The exact sum required by law must be stated in the delinquent list; and the smallest deviation therefrom, in an excessive statement, is fatal.

ID.—NOTICE OF SALE JURISDICTIONAL—DEED TO STATE NOT CONCLUSIVE. The contents of the delinquent list are part of the notice of sale, and an unauthorized notice constitutes no notice. The notice of sale required by law is jurisdictional, in order to constitute due process of law, as a condition of transferring the title to the state; and the deed to the state cannot be conclusive evidence of the performance of acts necessary to confer jurisdiction.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

F. E. Davis, and J. W. Cochran, for Respondents.

SHAW, J.—Plaintiff appeals from judgment in an action to quiet title.

Defendants' title to the property was derived from one George P. Badger, who in the year 1894 was the owner thereof. Badger failed to pay the state and county tax levied upon the property for the year 1894, whereupon proceedings were had and taken which, on July 6, 1900, resulted in a deed of the property to the state, made by the tax collector pursuant to the provisions of section 3785 of the Political Code. On March 15, 1901, the state conveyed the property to plaintiff's grantor. Plaintiff's title, therefore, depends

upon the validity of the tax proceedings under and by virtue of which the state acquired the property. The law (Pol. Code, sec. 3764) contains a provision requiring the tax collector, on or before June 5th, to publish a delinquent list, which list "must contain the names of the persons and a description of the property delinquent, and the amount of taxes, penalties, and costs due, opposite each name and description"; and section 3765 of said code provides that "the tax collector must append and publish with the delinquent list a notice that unless the taxes delinquent, together with the costs and penalties, are paid, the real property upon which such taxes are a lien will be sold," which "publication (Pol. Code, sec. 3767) must designate the day and hour when the property will, by operation of law, be sold to the state," etc.

The notice under which the property was sold to the state was in full compliance with the provisions of the three sections of the Political Code above referred to, except that there was an erroneous statement contained in the delinquent list, in that the amount of taxes, penalties and costs set opposite the name of said George P. Badger as being due on account of said taxes, penalties and costs, was $19.90, instead of the correct amount of $19.40, and for which the property was in fact sold to the state. The trial court held the deed to the state under which plaintiff deraigned title invalid and gave judgment for defendants, from which plaintiff appeals upon a bill of exceptions.

Appellant contends, first, that the deed to the state is conclusive evidence (except as against actual fraud) of the due and regular publication of the delinquent list (Pol. Code, sec. 3787); and, second, that, if not conclusive, the error of fifty cents in the amount alleged to be due in the delinquent list as published cannot invalidate the deed, inasmuch as the property was in fact sold for the correct amount.

The publication of the delinquent list, setting forth therein the amount due for taxes, penalties and costs, is a prerequisite of a valid sale to the state on the day and hour fixed in the notice of sale attached to such delinquent list. Since it is a statutory requirement, we cannot give less weight to its importance than to other provisions contained in said section which require a description of the property and the name of the owner. (*Fox* v. *Wright*, 152 Cal. 59, [91 Pac. 1005];

*Ellis* v. *Witmer*, 134 Cal. 249, [66 Pac. 301] ; *Davis* v. *Pacific Improvement Co.*, 137 Cal. 245, [70 Pac. 15].) The delinquent list as published did not state the amount of taxes, penalties, and costs, but stated a wholly different amount. With reference to an error in the advertisement of eighty-two cents in excess of the amount actually due, and where the property was sold, as in the case at bar, for the correct sum, the supreme court of Massachusetts says : "To comply with the statute, the exact amount must be given. A deviation, however small, is fatal, because a rule of law cannot be made to fluctuate according to the degree or extent of its violation." (*Alexander* v. *Pitts*, 61 Mass. 503.) The provisions of said section 3764 as to what the publication of the delinquent list shall contain are a part of the notice of sale. (*Ellis* v. *Witmer*, 134 Cal. 249, [66 Pac. 301] ; *Fox* v. *Wright*, 152 Cal. 59, [91 Pac. 1005].) It is immaterial that the property was sold to the state for the correct amount. This result might have been accomplished equally well ·in the absence of any advertisement of the amount due. The effect of the proceeding is to divest the owner of his title by virtue of statutory proceedings. In such proceedings the provisions of the statute should be strictly followed. (*Washington* v. *Pratt*, 8 Wheat. (U. S.) 681; *Simmons* v. *McCarthy*, 118 Cal. 622, [50 Pac. 761] ; Blackwell·on Tax Titles, sec. 424; 2 Cooley on Taxation, p. 934.) A sale of property made for an excess as much as the smallest fractional coin authorized by . law is void. (*Treadwell* v. *Patterson*, 51 Cal. 637.) In *Shipman* v. *Forbes*, 97 Cal. 572, [32 Pac. 599], it is said·: "In proceedings where the property of a citizen is to be taken, every requirement of the statute having the least semblance of benefit to the owner must be complied with." The object of the legislature in enacting the provision under consideration was to give notice of the amount due to those who ·were delinquent, and who, upon their attention being called to the fact, might respond by payment. The notice was in fact a demand for payment of an excessive amount, with the alternative that unless paid the land would be sold. Clearly, the provision is a beneficial one to the property owner. We perceive no reason why the same rule announced in the Treadwell case as applicable to sales for an excessive amount should not be likewise applied to a statement of an excessive amount published in the de-

linquent list. Why should not a strict compliance with this regulation be as essential to the legal transfer of an estate in tax proceedings as compliance with a requirement for the observance of prescribed formalities in the transfer of title between individuals?

Conceding that the published notice did not in fact comply with the statute, appellant insists that the deed to the state, which was introduced in evidence, is by its recitals made conclusive evidence of compliance therewith. (Pol. Code, sec. 3787.)

Section 3787 of the Political Code in express terms makes the deed conclusive evidence of the regularity of other proceedings than those enumerated in section 3786 of the Political Code, as to which the deed is made *prima facie* evidence. The publishing of the delinquent list containing the matters specified in said section 3764, together with the notice of sale designated in section 3765, and fixing the day and hour of sale required by section 3767, are not among the matters enumerated in section 3785, as to the correctness of which the deed is *prima facie* evidence. According to appellant's contention, these requirements fall within the phrase, "all other proceedings," referred to in section 3787, in proof of the regularity of which the deed is made conclusive evidence. In the recent case of *Fox* v. *Wright*, 152 Cal. 59, [91 Pac. 1005], wherein it was claimed that the notice of sale of the property acquired in the tax proceedings (Pol. Code, sec. 3897), was defective in that it did not set forth the name of the delinquent owner, the court says: "But, upon the other hand, since the owner had received due notice by publication of the fact that his taxes were delinquent and the property had been (would be) sold to the state for such delinquency, it was not necessary to the validity of the proceedings that any notice of the intended sale by the state should be given to him at all." And, again, in discussing another phase of this case, the court says: "The owner of the property who has permitted his taxes to become delinquent receives notice that, unless the taxes be paid by a given date, his land will be sold to the state." The notice published, for the reasons heretofore assigned, was unauthorized, and therefore constituted no notice. The only notice to the owner which could constitute due process, and under which he could be deprived of

his property, is that which the legislature has designated in sections 3764, 3765, and 3767 of the Political Code. As this is the only notice required as a condition of transferring the owner's title to the state, it follows that the giving of it in the manner prescribed by the legislature must be regarded as a jurisdictional prerequisite to the making of a valid sale, as to which the deed is not conclusive. As to the performance of nonessentials—those things which the legislature might in the first instance have dispensed with without affecting the validity of the proceeding—it may make the deed conclusive evidence, but not as to the performance of those acts necessary to confer jurisdiction. "The legislature cannot deprive one of his property by making his adversary's claim to it, whatever that claim may be, conclusive of its own validity, and it cannot, therefore, make the tax deed conclusive evidence of the holder's title to the land." (*Marx* v. *Hanthorn*, 18 U. S. 172, [13 Sup. Ct. Rep. 508]; Cooley on Taxation, p. 1010; Blackwell on Tax Titles, sec. 844; *Martin* v. *Cole*, 38 Iowa, 141; *Dever* v. *Cornwell*, 10 N. D. 123, [86 N. W. 227]; *Townsend* v. *Martin*, 55 Ark. 192, [17 S. W. 875].)

From the foregoing views it follows that the judgment should be affirmed, and it is so ordered.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1908, Beatty, C. J., dissenting.