[Civ. No. 759. Third Appellate District.—November 19, 1910.]

## OTIS E. RIMMER, Respondent, v. W. J. HOTCHKISS and D. J. CANTY, Appellants.

TAXATION—VOID SALE OF DELINQUENT TAXES—EXCESSIVE AMOUNT — WANT OF JURISDICTION.—A sale of land for delinquent taxes for anything more than is lawfully chargeable is a sale without jurisdiction and is void.

ID.—MAXIM DE MINIMIS NOT PRECLUDING VOID SALE FOR EXCESS.— The maxim, *De minimis non curat lex,* applies to a tax sale only in a limited sense, and does not apply to prevent the invalidity of a sale for delinquent taxes for any appreciable excess in amount.

ID.—VOID TAX SALE—EXCESSIVE CHARGE OF FIFTY-TWO CENTS.—A sale of land for delinquent taxes for fifty-two cents charged in excess of the taxes, penalties and costs, is void, and a deed therefor to the state is void, and passes no title to the state or to a purchaser therefrom.

ID.—ASSESSMENT OF IMPROVEMENTS—PENALTY OF FIFTY CENTS NOT ALLOWED.—Improvements on land are not personal property on which a penalty of fifty cents may be charged. Such improvements are included in the term "real estate." They are not a separate lot or parcel of real estate, upon which such penalty may be imposed merely because the improvements are separately assessed. They are part and parcel of the land upon which they are erected; and section 3770 of the Political Code authorizes a penalty of fifty cents "on each lot, piece or tract of land separately assessed."

ID.—DEED TO STATE NOT CONCLUSIVE EVIDENCE OF RECITALS.—The deed to the state upon a sale for delinquent taxes is only *prima facie* and not conclusive evidence of the facts recited therein.

ID.—ACTION TO QUIET TITLE AGAINST PURCHASER FROM STATE UNDER VOID TAX SALE—PAYMENT OF TAXES NOT REQUIRED.—An action by the owner of land to quiet title against a void tax sale under which a purchaser from the state claims title is not against the the state; and the owner is not required to pay the taxes, in such action, as a condition of relief.

ID.—SUPPORT OF FINDINGS—ULTIMATE FACT IN ISSUE SUPPORTED—VOID TITLE—NONSUPPORT OF IMMATERIAL FINDINGS WITHOUT INJURY.— Where the finding of the ultimate fact in issue as to invalidity of the tax title and deed to the state is amply supported, such invalidity left nothing in the state to convey to the defendant, and avoids his title, and the fact that other immaterial findings are without support is without injury, and does not require a reversal of the judgment quieting plaintiff's title against the defendant.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Carter & Carter, for Appellants.

Frank Kauke, for Respondent.

CHIPMAN, P. J.—Action to quiet title to certain real estate situate in Fresno county. Plaintiff had judgment, from which and from the order denying their motion for a new trial, defendants appeal.

In their answer defendants deny that plaintiff has title to the land in question and alleges title in themselves by virtue of certain tax sales, conveyance of the land by reason thereof to the state and by the state to defendants' grantor and ask that their title be quieted against plaintiff's claim.

Plaintiff deraigned title by patent from the United States. Two pieces of land are involved, namely, the N. W. ¼ of Sec. 8, T. 18 N., R. 17 E., M. D. M., patented to Elizabeth Rimmer, formerly Elizabeth Hurst, widow of Josiah Hurst, deceased, now the wife of William H. Hurst, and the S. W. ¼ of the same section, patented to William H. Hurst. Elizabeth conveyed to plaintiff in whom title vested at the beginning of the action. It appears from the bill of exceptions that "said deed and patents were sufficient in form and substance to vest the title to said property in plaintiff, unless the same is affected or divested by tax sales or purported tax sales and proceedings under which defendants claim title." We are, therefore, concerned only with ascertaining the validity of defendants' alleged title and this depends upon certain deeds executed by the tax collector of Fresno county to the state and by the state, through said tax collector, to one Barthold.

To the admission of each of the deeds to the state plaintiff objected on the grounds:

1. That it does not contain a description of any land sufficient for identification.

2. That it shows that the sale, or so-called sale, for taxes, was for an excessive amount.

3. That it does not give the fiscal year of any assessment.

4. That it does not state correctly when the right of redemption expired.

5. That the state had no right to assess the land, as it appears that the patent was not issued until the fourth day of March, 1895.

Both instruments were admitted, "subject to the objection and with the understanding that if the objection was sustained, these instruments should be stricken from the evidence."

To the admission of each of the deeds from the state to Barthold, plaintiff objected upon the ground that each was incompetent, irrelevant and immaterial; and that no foundation had been laid for its admission; that it had not been shown that the state was the owner of the lands described therein, or entitled to sell the same at that hour or at all, and that there is no sufficient authorization from the controller or sufficient notice of sale given. Said instruments were admitted subject to said objection. With the introduction of these deeds defendants rested. In rebuttal plaintiff offered and there was admitted in evidence, "subject to the rulings of the court on the other evidence," the assessment-roll of Fresno county for the fiscal year 1895–96, showing the assessment to Elizabeth Hurst, for the said N. W. $\frac{1}{4}$ section, and the assessment to William H. Hurst, for the said S. W. $\frac{1}{4}$, plaintiff stating that the same was offered for the purpose of showing: 1. What, in each case, was the amount assessed against the realty, and what was the amount assessed against the personal property, to the end that it may be shown that the sale to the state was for an excessive amount of taxes and penalties; 2. That the assessment to Elizabeth Hurst does not give any road district or school district in which the property is situated; 3. That the amount of taxes computed against William H. Hurst is an excessive amount; 4. That in each assessment the property is not described sufficiently for identification. Plaintiff, in rebuttal, in support of his contention, also introduced certain other evidence. At the close of the rebuttal the court sustained plaintiff's objection to the deed from the state to Barthold for the N. W. $\frac{1}{4}$, the Elizabeth Hurst land, and overruled plaintiff's objection and admitted in evidence the deed from the tax collector to

the state and from the state to Barthold, for the S. W. ¼, the William H. Hurst land, and also admitted all the evidence offered in rebuttal by plaintiff in reference to the said S. W. ¼, and thereupon gave judgment in favor of plaintiff as prayed for and made findings in favor of plaintiff.

The court sustained the objection to the deed of the tax collector to the state, of the Elizabeth Hurst land, because, as claimed by plaintiff, the deed showed on its face that the so-called tax sale was for an excessive amount, and hence void; as to the S. W. ¼, the W. H. Hurst land, that fact did not so clearly appear from the face of the deed and it was admitted, together also with the rebuttal evidence in relation thereto. The record shows no ruling upon the rebuttal evidence relating to the Elizabeth Hurst land; it went in, however, without objection. Defendants assume that it is not properly part of the record on this appeal and so treat it. Plaintiff uses it as an alternative support of his contention, his claim being that, on the face of the deed, the sale was made for an excess of six cents—the difference between $11.77, the total amount of taxes, penalties and costs, and the amount stated in the deed, to wit, $11.83, while the assessment-roll introduced in rebuttal, shows the total amount of the assessment to have been $11.31, and that the sale was for fifty-two cents in excess of the assessment.

The statute requires the auditor to "compute and enter in a separate money-column in the assessment-book, the respective sums, in dollars and cents, rejecting the fractions of a cent, to be paid as a tax on the property therein enumerated, and segregate and place in the proper columns of the book the respective amounts due in installments . . . and post up the column showing the total amount of such taxes." (Pol. Code, sec. 3731.) Section 3756 of the same code provides that if the first installment be not paid on the last Monday in November, the tax collector must collect fifteen per cent in addition thereto, and if not paid on the last Monday of April succeeding, he must collect five per cent additional. Section 3770 of the same code imposes an additional penalty of fifty cents on each lot, piece or tract of land separately assessed, and on each assessment of personal property. As to the N. W. ¼, the total assessed valuation is set forth in the deed as $486 and the total amount of tax levied thereon

as $8.99, "as follows: For county purposes, the sum of $5.68; for state purposes, the sum of $3.31; that the amount of said tax was segregated into installments in accordance with law and the costs and charges which have since accrued thereon amount to the further sum of $2.84," thus making $11.83. It does not appear from the deed how much of the property valuation was for realty nor how much was for personal property, but the deed did state "that both installments of said taxes were not and had not been paid, and at the time of the sale hereinafter mentioned still remained wholly due and unpaid." Respondent shows that if it be assumed that the realty was assessed at a nominal sum and practically the whole amount of the assessed valuation was for personal property, then the whole amount of the taxes would be included in the first installment and subject to both the fifteen per cent and the five per cent penalties; but that even in that event the largest possible amount of penalties and costs could not exceed $2.78. This thus appears:

| | | |
|---|---|---:|
| Total taxes levied...... ........ .... | | $8.99 |
| 15% on $8.99.......... ...... ....$1.34 | | |
| 5% penalty on $8.99................. | .44 | |
| Charges under Pol. Code, section 3770, | | |
| for realty ...... ............. ...... | .50 | |
| For personal property...... ...:... | .50 | |
| | | |
| Total costs and penalties .......... | | 2.78 |
| | | |
| Total taxes, costs and penalties... | | $11.77 |

The sale was made for $11.83, whereas the highest possible amount for a valid sale would be but $11.77.

If the assessment-roll be considered it would appear therefrom as follows:

| | |
|---|---:|
| Amount of first installment................ | $5.91 |
| 15% penalty on $5.91 ......... ........... | .88 |
| 5% penalty on $5.91 ............... ...... ... | .29 |
| Second installment .......... ..... ...... | 3.08 |
| 5% penalty on $3.08......... ............. | .15 |
| Charges under section 3770, Political Code, | |
| for realty and personal property, 50 cents | |
| each ......... ............. .....:..... | 1.00 |
| | |
| Total ......... ........... ...........$11.31 | |

This shows the sale to have been for fifty-two cents in excess. The assessment-roll shows that the real estate was valued at $320:

"Value of improvements thereon ........$ 50.00
Personal property ...... ...... ........ 170.00
Total after all deductions .......$540.00
Total after equalization.......... 486.00
Tax on personal property and half
    of real estate ........ .......... ...    5.91
Tax on remaining half of real estate .......    3.08"

We do not see why it should be assumed that the assessment was altogether upon the personal property in order to test the validity of the deeds to the state. The law requires the real estate to be assessed and the presumption is as strong that it was assessed as that the personal property was assessed. But as respondent has shown, the real estate was in fact assessed, and on that showing the sale was for fifty-two cents in excess of the taxes, penalties and costs; and, assuming the tax to have been wholly on the personal property, the excess was six cents.

As to the S. W. ¼, the W. H. Hurst land, by assuming that the whole assessment was upon personal property, the amount for which the sale was made would not appear by the deed to be excessive. But when the assessment-roll is considered it appears clearly that the real estate was assessed and that the taxes, penalties and costs amounted to $17.16, whereas the property was sold for $17.68, an excess of fifty-two cents.

In *Treadwell* v. *Patterson,* 51 Cal. 637, where the excess appeared to be thirty-six cents, the court said: "In such cases the rule, as stated by Judge Cooley in his work on Taxation (page 344), is, that 'a sale for anything more than is lawfully chargeable, is a sale without jurisdiction, and therefore void.' On the same point see *Bucknell* v. *Story,* 36 Cal. 67. In such cases the maxim *'De minimis non curat lex,'* does not apply, except in a limited sense. The rule, as established by the authorities, is, that if the excess be so much as the smallest fractional coin authorized by law, the sale is void" (citing cases). This case is cited approvingly in the following cases: *Harper* v. *Rowe,* 53 Cal. 233, 236; *Axtell* v. *Gerlach,* 67 Cal. 483, [8 Pac. 34]; *Boston Tunnel Co.* v.

*McKenzie,* 67 Cal. 485, 490, [8 Pac. 22] ; *Knox* v. *Higbie,* 76
Cal. 264, 267, [18 Pac. 381] ; *Simmons* v. *McCarty,* 118 Cal.
622, 625, [50 Pac. 761] ; *Miller* v. *Williams,* 135 Cal. 183, 184,
[67 Pac. 788] ; *Warden* v. *Broome,* 9 Cal. App. 172, [98 Pac.
252].

Appellants endeavor to escape from the logical conclusion,
which must flow from the foregoing, by claiming that the
improvements, under section 3728, subdivisions 3 and 4 of
the Political Code, must be separately assessed and that "the
improvements not being assessed as a part of the real prop-
erty, are not any part of that assessment, must therefore be
assessed as personal property." It is argued that because
the assessment-roll showed, for example, in the William H.
Hurst assessment, the real property as valued at a certain
amount and the improvements thereon at a certain other
amount and the personal property at a certain amount, "we
have, therefore, one assessment of real property and two as-
sessments of personal property, or, if the improvements are
assessed as real property, then there are two separate
parcels of real property and one of personal property. If,
as it would seem to be intended, the fifty cents is to be col-
lected for each entry upon the delinquent list, the charges
should have been 1.50, which makes the precise amount re-
cited in the deed." The assessment referred to reads:

"Value of real estate other than city lots.... $320.00
Value of improvements thereon..... ...... 150.00
Value of personal property exclusive of
money and solvent credits............. 368.00"

There is no ground for holding "improvements" to be per-
sonal property. Section 3617, subdivision 4, Political Code,
expressly classifies "improvements" as included in the term
"real estate," and section 3650 of the same code requires the
assessor "to prepare an assessment-book . . . in which must
be listed all property, within the county, under the appropri-
ate head: . . . 2. Land, . . . and the improvements thereon.
. . . The improvements to be assessed against the particular
section, tract or lot of land upon which they are located."
The fact that they must be separately assessed, as required by
section 3627, does not authorize a penalty of fifty cents to be
charged under section 3770, for that section authorizes such
penalty only "on each lot, piece, or tract of land separately as-

sessed, and on each assessment of personal property.'' It would be unreasonable to hold that the language thus used means that ''improvements,'' apart from the land, constitute ''a lot, piece, or tract of land.'' In the case of *Warden* v. *Broome*, 9 Cal. App. 172, [98 Pac. 252], the assessment-roll showed but two assessments, one of the land and one of the improvements. ''The costs to be added'' were held to be fifty cents and not for an additional fifty cents. If appellants' contention be correct, the additional fifty cents in that case could have been upheld. The decision impliedly holds that the penalty of fifty cents, under section 3770, cannot be imposed for nonpayment of the tax on improvements.

Section 3786 of the Political Code requires certain matters to be recited in the deed and of those matters makes it ''primary evidence,'' i. e., *prima facie* evidence, as we understand the terms; and section 3787 in effect makes the deed to the state ''conclusive evidence of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed.'' Looking at the various matters which section 3786 says must be recited in the deed, it will be seen that as to the matters here in dispute the deed is not, as contended by appellants, conclusive evidence of the facts therein recited. See the question discussed in *Warden* v. *Broome,* 9 Cal. App. 172, [98 Pac. 252].

Appellants make the point that the plaintiff cannot have his title quieted while in default of payment of his taxes. We said, in *Preston* v. *Hirsch,* 5 Cal. App. 485, 490, [90 Pac. 965], where the defendant claimed under a tax deed: ''The action is not against the state nor does it in any wise affect the rights of the state. The maxim of equity invoked by appellant is not open to him in this case.''

Appellants complain that the finding that all the averments of the answer and cross-complaint are untrue is insufficient. There are some averments of fact in the answer and cross-complaint concededly true and, strictly speaking, the finding is not supported. But the ultimate fact at issue related to the validity of the deeds from the tax collector to the state and as to this fact the finding is supported. Obviously, if these deeds were invalid and conveyed nothing to the state, the deed from the state to Barthold was of no force or effect, the state having nothing to convey.

The finding complained of is supported upon every material issue, and if it is unsupported upon the specific facts pointed out by appellants it was without injury.

The view we have taken of the deeds from the tax collector to the state makes it unnecessary to pass upon the other objections made by respondent to their validity.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.