DETERMINED IN

# THE SUPREME COURT,

## OCTOBER TERM, 1878.

| | |
|---|---|
| 53 | 233 |
| 86 | 564 |
| 53 | 233 |
| 104 | 415 |
| 53 | 233 |
| 118 | 101 |
| 53 | 233 |
| 127 | 510 |
| 53 | 233 |
| 135 | 184 |
| 53 | 233 |
| 148 | 258 |

[No. 6135.]

ELI HARPER, ADMINISTRATOR OF THE ESTATE OF SAN-
TIAGO ARGUELLO DECEASED, JUAN M. LUCO,
AND ROBERT ALISON *v.* J. L. ROWE, JAMES
McCORY, AND NINE OTHERS.

JUDGMENT-ROLL AS EVIDENCE.—If a party attempts to avail himself of a de-
cree as an adjudication upon the subject-matter, or as a link in his chain of
title founded on a judicial sale under the decree, he must produce the judg-
ment-roll so that, among other things, the Court may determine, on an in-
spection of the entire roll, whether the Court which rendered the decree
had jurisdiction of the subject matter.

VOID TAX SALES.—*Houghton* v. *Austin*, 47 Cal. 646; and *Wills* v. *Austin, ante* p.
152, affirmed.

SALES VOID FOR EXCESS.—A sale of land for a sum in excess of that author-
ized by law, is void.

INTEREST ON DELINQUENT TAX.—Sec. 3803 of the Political Code, authorizing
the Tax Collector to include interest on the delinquent tax at the rate of
two per cent. per month, does not apply to a sale made by the Tax Collector
to collect a delinquent tax in the first instance.

REDEMPTION FROM VOID SALE.—Sec. 3779 of the Political Code, requiring the
purchaser at a tax sale to reconvey upon "payment of the purchase-money
and fifty per cent. added thereon," does not apply to a void sale.

DUE PROCESS OF LAW—CURATIVE TAX LAW.—The Acts of March 28th and
30th, 1874, did not have the effect to validate tax sales void under the law
as it existed when the sales were made, for the reason that property cannot
be taken "without due process of law."

[ 233 ]

EQUITY—REFUNDING PURCHASE-MONEY UNDER VOID SALE. —If a tax sale is absolutely void, the payment of the tax by the purchaser stands on the footing of a voluntary payment, not made at the request of the owner of the land, and which a Court of Equity will not require him to refund.

APPEAL from the District Court of the Eighteenth Judicial District, San Diego County.

Action to quiet title. The defendants asserted title under a decree and order of sale for taxes levied in 1872, and a deed executed in pursuance of a sale for State and county taxes for 1873–4, and under a certificate of sale for such taxes levied in .1875–6. At the trial, the defendants offered in evidence the decree in the tax suit. Plaintiffs objected, on the ground that the judgment-roll should be introduced as a foundation for the decree, and that there was nothing tending to show that the Court rendering the decree ever had jurisdiction of either the parties or the subject matter. The Court overruled the objection, and plaintiffs appealed. The other facts are stated in the opinion.

*M. A. Luce, E. F. Head,* and *Will M. Smith,* for Appellants.

*Chase & Leach,* for Respondents.

By the COURT:

The Court below erred in admitting in evidence the decree in the tax suit without the production of the judgment-roll. If a party attempts to avail himself of a decree as an adjudication upon the subject matter, or as a link in his chain of title founded on a judicial sale under the decree, he must produce the judgment-roll, so that, amongst other things, the Court may determine, on an inspection of the entire roll, whether the Court which rendered the decree had jurisdiction of the subject matter. It is true the purchaser at a judicial sale may rest, in support of his title, on the judgment, execution, and Sheriff's deed; but he must produce a *valid* judgment, and the well-established rule is that the method of proving the judgment to be valid is by the production of the roll, on an inspection of which it may be determined whether the Court had the neces-

sary jurisdiction of the subject matter. (Greenleaf's Ev. sec. 511; 2 Phillips' Ev. p. 138; Com. Dig. tit. Ev. [A. 4] p. 85; Cowen & Hill's Notes to Phil. Ev. [Part II] Note 119, p. 278.

The present case furnishes a striking illustration of the necessity of the rule. The Act of May 12th, 1862, (Statutes 1862, p. 520) which was applicable to these proceedings, provides for an action *in rem* against the real estate alone, in which case the complaint and summons must describe the real estate sought to be charged, as is specifically required by the statute. These are jurisdictional facts, without which a judgment *in rem* could not be rendered against the real estate. In such a case, the subject matter of the action is the enforcement of the lien for taxes against a particular parcel of land *described in the complaint*, and not against some other tract. The tract so described is treated by the statute as a defendant, for the purposes of the action; and the Court would have no jurisdiction to render a judgment against some other tract *as a defendant.* Hence the necessity of producing the judgment-roll, so that, by inspecting it, the Court may determine whether the land against which the judgment was rendered was described in the complaint and summons.

On the facts found by the Court the sale made by the Sheriff as a Tax Collector on the 10th day of March, 1874, for the delinquent State and county taxes for the fiscal year 1873-4, and the Sheriff's deed founded on the sale, were absolutely void for the reason stated in *Wills* v. *Austin*, decided at the last July term of this Court, (*ante. p.* 152). In *Houghton* v. *Austin*, 47 Cal. 646, it was decided that the attempted levy by the State Board of Equalization of State taxes for the fiscal years 1872-3 and 1873-4 was void, and there was, consequently, no valid levy of State taxes for those years. The sale having been made for this void tax as well as for the county tax, the whole sale was void and the Sheriff's deed a nullity. The new section, 3811, added to the Political Code by the Act of March 24th, 1874, had not then been passed, and, of course, has no application to that sale.

The plaintiff also attacks the sale of February 24th, 1876, on the ground that one of the items for which the land was sold

was the sum of seventy cents for filing and recording the dupli-
cate certificate of sale filed in the Recorder's office, which the
Court below held to have been improperly collected, and it
therefore adjudged that as the sale was for a sum in excess of
that authorized by law, the certificate of sale was inoperative
to vest any title or interest in that purchaser. We agree with
the Court below that this item was illegally collected, and that
the sale was for that reason void. (*Treadwell* v. *Patterson*, 51
Cal. 637.)

The defendants insist, however, that the amount collected
was not excessive, because under sec. 3803 of the Political
Code the Tax Collector had authority to include interest on
the delinquent tax at the rate of two per cent. per month from
the time it was first delinquent. But that section has no ap-
plication to a sale made by the Tax Collector to collect a de-
linquent tax in the first instance. If the tax remains finally
delinquent after the Tax Collector has exhausted all means for
its collection, it may possibly be subsequently collected in some
other method provided by law; in which event the interest is
to be added, to compensate for the long delay, and as an in
centive to the tax-payer to make a voluntary payment and thus
stop the interest. We are, therefore, of opinion that this sale
was void, and that the purchaser under it acquired no title.

The Court below, however, held as a matter of law, that as
the purchaser at the sales of March 10th, 1874, and February
24th, 1876, had paid the taxes for which the land was sold,
he acquired under sec. 3779 of the Political Code and under
the curative Acts of the Legislature of March 28th and March
30th, 1874, (Statutes 1873-4, pp. 746, 883) a valid lien on the
lands sold for the amount so paid by him in satisfaction of the
taxes; and the Court further held, that the plaintiff was not
entitled to the relief demanded, except on condition that he
first refunded to the purchaser the sums so paid. Sec. 3779
of the Political Code provides that " on filing the certificate (of
sale) with the County Recorder, the lien of the State vests in
the purchaser, and is only divested by the payment to him or to
the County Treasurer for his use of the purchase money and
fifty per cent. thereon." This obviously applies to a valid sale

and certificate only, and continues the lien in the purchaser for his protection while the time for redemption is running. It has no application to a void sale and certificate.

The curative Act of March 28th, 1874, levies a tax for State purposes for the fiscal years 1872–3 and 1873–4, the previous levy for those years by the State Board of Equalization having been decided to be void, in the case of *Houghton* v. *Austin*, above cited. The act provides that the levies made by that act shall have the same force and effect as if they had been levied by a statute passed and in force before the commencement of each of said fiscal years; and further validates the assessment books for those years. It then makes minute provisions for the collection of the unpaid taxes of those years. The Act of March 30th, 1874, provides that "the levy, equalization, assessment roll, publication and sale of delinquent taxes for the fiscal years 1873 and 1874 is hereby legalized and confirmed, and shall have the same force and effect as though it had been made as provided by law."

It will be observed that neither of these statutes can have any application to the sale of February 24th, 1876, which was made for the collection of the delinquent tax of 1875–6, which was a valid tax levied by the Legislature and needed no curative act. It will be further observed that both of these acts were passed *after* the sale of March 10th, 1874; and it is contended that even though the sale was void when it was made, these acts had the effect to validate it by relation. The Act of March 28th does not even attempt to do this in terms; but only makes a new levy for those years, and declares it shall have the same force and effect as if it had been made by a statute passed and in force before the commencement of each of said fiscal years. The Act of March 30th is more sweeping in its terms, and attempts to validate, not only the prior levy, equalization, assessment roll, and publication, but also the "sale of delinquent taxes" for those years; meaning, as we interpret it, the sale *for* delinquent taxes. To give those statutes the effect claimed for them, would be to deprive the tax-payer of his estate without due or any process of law, by a mere legislative rescript, pronouncing to be valid a sale which, under the law

of the land, was absolutely void when it was made. The day after the sale, the title of the owner was as valid at law and in equity, and to all intents and purposes, as though no sale had occurred; but on the theory of the defendants, a month later the Legislature declares the sale shall be valid, and the owner is deprived of his estate by the force of that declaration alone. We are not aware that such a proposition has been maintained by any Court of last resort.

But it is claimed that when a purchaser at a *void* tax sale has paid the taxes which were justly and equitably due from the owner, if the latter goes into a Court of Equity seeking a decree adjudging the sale to be void, the Court, on the general principles which govern Courts of Equity, will not grant the relief, except on the condition that he refund the taxes paid by the purchaser. The present is an action founded on sec. 738 of the Code of Civil Procedure, authorizing an action for determining an adverse claim, and it is not clear that it is a proceeding in equity. But without expressing an opinion on that point, and conceding, for the purposes of the decision, that it is an action of that character, the position of the defendants is not tenable. If the sale is absolutely void, the payment of the tax by the purchaser stands on the footing of a voluntary payment, not made at the request of the owner of the land, and which he is under no obligation to refund. If the tax sale was not void, but only irregular in some respects, and if the owner should go into equity to cancel the sale, and to compel a purchaser in good faith to surrender the evidences of his title, it is possible the Court would not grant relief except on condition that the purchase money was refunded. But that would be a very different case from the present. The case of *Sands* v. *Lynham*, 27 Gratt. 291, cited by defendants' counsel, has no application to the proposition under discussion. We deem it unnecessary to notice the other points made by counsel.

Judgment and order denying plaintiff's motion for a new trial reversed, and cause remanded for a new trial.

McKINSTRY, J., concurring:

I concur in the judgment. The Court below erred in over-ruling the objection to the admission of the tax judgment without the production of the "roll." Where the judgment is offered as evidence of more than the *res ipsa*, and is relied on as evidence of title acquired by sale under it, the whole record —under our practice the *judgment roll*—must be produced. In my opinion there are other reasons for this than the one suggested in the opinion of the Court, and questions may be determined by inspection of the judgment roll besides the one relating to the acquisition of jurisdiction of the *subject matter*. The rule is technical, and is based on the solemnity accorded by the law to *every portion* of the record. The record is to be read as a whole, each portion connected inseparably with the other portions.