[No. 9644.　Department One.— September 25, 1885.]
S. H. AXTELL, RESPONDENT, v. LOUIS GERLACH
ET AL., APPELLANTS.

TAXATION—SALE FOR EXCESSIVE AMOUNT.— A tax sale for one dollar in excess of the amount authorized by law is void.

ID.— LANDS SUBJECT TO OVERFLOW—ACT OF APRIL 15, 1880 — ILLEGAL CHARGES.— On a sale for taxes levied under the Act of April 15, 1880, providing for the protection of lands subject to overflow, an item of fifty cents for the cost of preparing the delinquent list, and an item of fifty cents for the cost of the certificate of sale, included in the amount for which the sale was made, are illegal charges, and fatal to the validity of the sale.

ID.— INJUNCTION TO RESTRAIN EXECUTION OF DEED.— In such a case, the execution of a deed to the purchaser will be restrained by injunction, for the reason that the items included in the amount for which the sale was made are not required to be specified therein.

ID.— QUIETING TITLE—CANCELLATION OF CERTIFICATE OF SALE—JUDGMENT.— Assuming that the deed when executed would show the invalidity of the sale, the owner of the land may maintain an action to quiet his title and cancel the certificate to the purchaser, and a judgment granting such relief, and also enjoining the execution of a deed, will not be reversed because the deed would cast no cloud upon the title.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The action was brought to quiet the title of the plaintiff as against the holder of a certificate of sale for taxes, and to restrain the execution of a deed founded thereon. The land in controversy was within the boundaries of a protection district formed under the Act of April 15, 1880, and the tax was levied in pursuance thereof. The judgment ordered the cancellation of the certificate of sale, and restrained the tax collector from executing a deed. The further facts are stated in the opinion.

*J. C. Campbell*, and *D. S. & S. L. Terry*, for Appellants.

*J. B. Hall*, and *W. L. Dudley*, for Respondent.

FOOTE, C. — Action to quiet title. Appeal from a judgment made therein.

The certificate of sale issued by the tax collector was properly ordered to be canceled; the sale was void because the land was sold for a sum greater by one dollar than was authorized by law. (*Harper* v. *Rowe*, 53 Cal. 236; *Treadwell* v. *Patterson*, 51 Cal. 637.)

There was nothing in the law which imposed a tax *in invitum* upon property, which gave the right to charge this additional sum, viz., fifty cents for cost of preparing a delinquent list, and fifty cents for cost of certificate of sale. (See "act to provide for the protection of lands from overflow other than lands recognized as swamp lands." Stats. 1880, ch. 128, p. 227.)

Those two charges were not authorized as a part of the *manner* in which the sale was ordered to be made. (§ 9 of said act, and *Bucknall* v. *Story*, 36 Cal. 67.) And further, that act itself in section 11, makes express provision for the payment of the tax collector, and does not seem to contemplate that the land-owner or his property shall be responsible therefor. And the purchaser was not entitled to a decree ordering the land-owner to reimburse him for money paid out. (*Harper* v. *Rowe*, *supra.*)

It is contended that the certificate of sale being void upon its face the deed, the making of which it was sought to enjoin, would be void on its face, and therefore an injunction ought not to have been granted, as no cloud on plaintiff's title would thereby appear.

Section 3776 of the Political Code does not require that the certificate of sale shall specify the particulars of the "amount paid," or the "amount of the assessment." *Non constat*, therefore, that the deed would necessarily do so if executed, and if it did not, then evidence would be required *dehors* the recitals of the deed to ascertain the illegality of any of the items, to collect which the sale was made, and a cloud would thus be cast on the title.

But upon the supposition that the deed itself when executed may properly show the purchaser's title to be void and no actual cloud rest on the plaintiff's title, yet under section 738 of the Code of Civil Procedure, this action to cancel the certificate is a proper one. (*Hearst* v. *Egglestone*, 55 Cal. 365; *Harper* v. *Rowe*, *supra*; *People* v. *Center*, 66 Cal. 551.)

The injunction is for the purpose of making effective the judicial determination of the invalidity of the defendant's adverse claim, "of an estate or interest in" the plaintiff's land. And as a means to attain that end and prevent further controversy if the deed should be executed and delivered, the injunction was granted and the judgment should not be reversed on that account. (*Brooks* v. *Calderwood*, 34 Cal. 563.)

It would serve no useful purpose to determine other questions raised in the case, and we are of opinion that the judgment of the court below should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.