## MAMMOTH MINING COMPANY, A CORPORATION, APPELLANT, *v.* JUAB COUNTY AND ANOTHER, RESPONDENTS.

TAXATION.—MINING CLAIM.—FIXTURES.—1 Comp. Laws, § 2009, provides, " All property, real and personal, situate and being in this territory is taxable, except * * * subd. 11 * * * mining claims, and the products of mines and the ore in the mines."   Section 2043, subd. 6, provides, " the term real property includes land, land-claims and all improvements thereon."   *Held,* that an engine and boiler built into a brick foundation, and firmly affixed by bolts leaded down and used in underground workings of a mine, are part of a mining claim and not taxable.

(No. 492.   Decided June 28, 1894.   37 P. R. 348.)

APPEAL from the District Court of the First Judicial District, Hon. H. W. Smith, *Judge.*

Action by the Mammoth Mining Company, a corporation, against the county of Juab and another, to recover a tax paid under protest under an unlawful levy.   From a judgment for defendants, plaintiff appeals.   *Reversed.*

*Messrs. Bennett, Marshall & Bradley,* for appellant.

Cited:   Suth. Stat. Cons. § 348; *State* v. *Powers,* 36

Conn. 77; *U. S.* v. *Winn,* 3 Sumn. 209; *Thornley* v. *U. S.,* 113 U. S. 313; *Gray* v. *County,* 65 Wis. 570; 2 Blk's. Comm. 18; Wash. Real Property, 4; *Smelting Co.* v. *Kemp,* 104 U. S. 649; Suth. Stat. Con. §§ 324–325. "Ever since the great case of *Fisher* v. *Dixon* it has been settled law that machinery annexed to the soil for mining purposes becomes a part of the soil." *Treadway* v. *Sharon,* 7 Nev. 37. See also *Harlan* v. *Harlan,* 15 Pa. St. 507; S. C. 53 Am. Dec. 612. "The exemption of lands from taxation necessarily embraces also the exemption of the permanent improvements used for the purposes contemplated in the charter." 1 Desty on Taxa. 149; Cooley on Taxa. 366. Appellant contends that the pipe line, steam pump, etc., used for the purpose of conveying water to its mining claims are exempt from taxation, Wash. on Easements, 40–41, 95; *State* v. *Co. Comm.,* 125 Mass. 567; *Capital City, etc., Co.* v. *Insurance Co.,* 51 Ia. 31; *Appeal of the Des Moines,* 38 Ia. 341; *Schuylkill Nav. Co.* v. *Berks Co.,* 11 Pa. St. 202; *Wayne Co.* v. *Hudson, etc.,* 15 Pa. St. 351. The court erred in failing to find on material issues raised by the pleadings. These issues were directed to the character of the improvements and as to whether or not they were an integral part of the real estate necessary for the proper working of the mine. 2 Comp. Laws 1888, §§ 33, 79; Hayne on New Trial & Appeal, 718; *Campbell* v. *Buckman,* 49 Cal. 367; *Evanston* v. *Mahem,* 57 Cal. 144.

*Mr. Henry Adams* and *Mr. O. W. Powers* and *Mr. E. D. Hoge,* for respondents.

The case of the *Town of Gold Hill* v. *The Caledonia Silver Mining Co.,* 5 Sawyer, 575, is directly in point, and holds that the improvements and mineral used in operating the mine are not exempt from taxation under a statute similar to our own. The burden of taxation ought to fall

equally upon all. Statutes exempting persons or property, are construed with strictness and the exemption should be denied unless so clearly granted as to be free from fair doubt. Suth. St. Con. §§ 328, 364. Such statutes will be construed most strongly against those claiming the exemption. 2 Dill. Mu. Cor. 776, note 1, cases cited. The intention of the legislature to grant immunity must be clear and beyond a reasonable doubt. The power of taxation is an attribute of sovereignty, and is essential to every independent government. If a doubt arises as to the intent of the legislature, it must be solved in favor of the state. *Hoge* v. *Rwy. Co*, 99 U. S. 348, 55. As taxation is the rule, the intention to make an exemption ought to be expressed in a clear and unambiguous term. Cooley on Taxation, 204. When an exemption is found to exist, it shall not be enlarged by construction. Id. 205. Exemption from taxation is never to be presumed. The legislature itself cannot be held to have intended to surrender the taxing power, unless its intention to do so has been declared in clear and unmistakable words. *New Orleans, etc., Rwy. Co.* v. *City of New Orleans*, 12 Supreme Court Rep. 406; *People* v. *Rwy. Co.*, 95 N. Y. 554; *Phila. & W. Co.* v. *Maryland*, 10 How. 377; *Charles River Bridge* v. *Warren*, 11 Pet. 420; *State* v. *Apgar*, 31 N. J. Law, 358.

MERRITT, C. J.:

In this case it appears, from the allegations of the complaint, which are not denied by the answer, and from the findings of fact of the trial court, that, during the year 1890, appellant was the owner of certain mining claims in Juab county, Utah; that on and beneath the surface of these mining claims, and in the underground workings, there was situated certain machinery attached to and appurtenant to appellant's mines, so as to constitute a

part thereof; and that such machinery was necessary for the proper working of said mines. The evidence shows that the machinery in the underground workings of the mines consisted of an engine and boiler firmly affixed to the rock in place by bolts leaded down, and by being built into a brick foundation. This machinery was placed in a tunnel, and about 300 feet vertically beneath the surface of one of the claims. It also appears that the county assessor of Juab county assessed for taxes, for 1890, all of the machinery of appellant, including that so affixed to the claims, at the sum of $30,000, and the tax levied thereon amounted to the sum of $690; that, in making this assessment, the different items of machinery were not segregated, so that it could be ascertained what value was placed on that which was a part of the mining claims or on that which was not so attached. Under the tax so levied and assessed, respondents levied on certain personal property of appellant, and, to save such property from sale, appellant, under protest, paid to said respondents said sum of $690, together with $11, costs of such levy. Appellant then instituted this suit to recover the sum so paid, less $92, admitted by appellant to be due for machinery not attached to the mines, and, in support of such suit, contends that all improvements situated on or in any of the mining claims in question, and so attached thereto as to be fixtures at common law, are, by the statutes of this territory, exempt from taxation. 1 Comp. Laws Utah, § 2009, provides that "all property, real and personal, situate and being in this territory, is taxable, except * * * (11) mining claims and the products of mines and the ore in the mines."

The question, then, is, do the words "mining claims" include common-law fixtures on or in such claims? Of course, it is the general rule that the intent to exempt should be expressed in clear and unambiguous terms, and

that such exemption should be strictly construed; that is, should not be enlarged by construction.    But the rule of strict construction is not violated by attributing to the words of a statute their full meaning.    In the case of *Smelting Co.* v. *Kemp*, 104 U. S. 649, the supreme court of the United States defines a mining claim "as a parcel of land containing precious metals in its soil or rock." Such parcel of land extends by common-law principles *usque ad coelum* in one direction, and *usque ad orcum* in the other.    It is settled law that machinery annexed to a mining claim for mining purposes becomes a part of the soil.    *Treadway* v. *Sharon*, 7 Nev. 37; *Fisher* v. *Dixon*, 12 Clark & F. 312; *Roseville Alta. Min. Co.* v. *Iowa Gulch Min. Co.*, 15 Colo. 31, 24 Pac. 920.    The exemption of the real estate; then, would seem necessarily to embrace the exemption of the permanent improvements thereon, used for the purpose of enjoying the real estate; and this seems to be in accordance with the current of authority. There is nothing in the statute in question, nor in the circumstances surrounding its adoption, which would lead to a different conclusion.    To construe "mining claims" as describing the surface simply would leave a very valuable portion of every mine to taxation, and without any warrant in the statute for so curtailing the ordinary meaning of the words.    The subsequent exemptions have a legitimate scope outside of the usual meaning attached to "mining claims," and hence do not limit such meaning.    There seems to be no possible legislative intent that could be subserved by exempting from taxation the surface of a mine, taxing the soil, rock, and works beneath the surface; and, if it be admitted that the words "mining claims" mean more than the surface ground, there is no reason for limiting their full significance.

It follows from what has been said that the assessment complained of embraced machinery which was exempt

from taxation, and afforded no means to the taxpayer or the court of apportioning the total value between taxable and exempt machinery.    This wrongful mingling in one assessment of taxable with exempt property was the act of respondents.    Appellant sought to correct this by applying to respondents to segregate the tax, so that it could pay whatever was due on its taxable machinery.    This application was denied.    This assessment, being void in part, and not being capable of correction, is void *in toto.*    2 Desty, Tax'n, 642; *Axtell* v. *Gerlach*, 67 Cal. 483, 8 Pac. 34; *Harper* v. *Rowe*, 53 Cal. 233.    We deem it proper, however, to say that, in our opinion, the pipe line conducting water to plaintiff's mine and town of Mammoth is taxable, but there should have been a separate assessment of the same.

But it is contended by respondents that appellant did not, within the time provided by section 4, p. 51, Laws 1890, return to the assessor of Juab county, duly verified under oath, a statement of its taxable property, and hence is prohibited from objecting to the assessment thereafter made.    But, so far as its property was exempt from taxation, appellant was not required to return it; and the only penalty fixed by the statute for a failure to return the statement is that " the value so fixed by the assessor must not be reduced."    The appellant did not object to to the valuation of this property, nor ask to reduce it. Appellant simply claimed that, admitting the property to have the value fixed by the assessor, it was exempt from taxation.    We see nothing in the statute which precludes this contention.    Judgment reversed, and cause remanded to court below, with directions to grant a new trial.

MINER and BARTCH, JJ., concur.