## CLARK v. DARLINGTON.

1. The holder of a certificate of purchase of land at a tax sale, entitling him to a deed of such land at the maturity of such certificate, claims "an estate or interest" in such land, within the meaning of section 5449, Comp. Laws.

1. A complaint which alleges that the plaintiff "is the absolute and unqualified owner in fee simple," and that the defendant "wrongfully and without right claims an interest in said land by virtue of an alleged purchase thereof at tax sale; that said claim is unjust and wrongful, and without any foundation in law or fact; that said claim is made adversely to said ownership and title of said plaintiff,"—states a cause of action under said section 5449, without particularly setting out the facts upon which the invalidity of such certificate is claimed.

3. It not appearing upon the face of the complaint, either expressly or by implication of law or fact, that any taxes were or are due upon said land, the complaint is not subject to general demurrer on the ground that it does not contain an offer to pay whatever taxes may be found to be due on the same.

(Syllabus by the Court. Opinion filed June 15, 1895.)

Appeal from circuit court, Edmunds county. Hon. A. W. CAMPBELL, Judge.

Action to quiet title. A demurrer to the complaint was overruled, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Albert Gunderson,* for appellant.

A lien, or contract for a lien, transfers no title to the property subject to the lien. Everett v. Buchanan, 2 Dak. 264; Minnesota v. Webb, 10 Minn. 59; Meighen v. Strong, 6 Minn. 177. Erroneous or illegal assessments of a municipal corporation may be reviewed by the courts on *certiorari,* and set aside. Haywood v. City, 14 N. Y. 534; Hartman v. Reed, 50 Cal. 485. A tax deed based upon an assessment made under an unconstitutional act of the legislature will not constitute a cloud on the title. Williams v. Carcaran, 46 Cal. 553; Boeck v. Merriam, 4 N. W. 962.

*H. C. Briggs* and *H. H. Potter,* for respondent.

Remedial Statutes are to be liberally construed. Rhea v. Dick, 30 Ohio 432; Bogart v. City, 27 N. J. 568; Amter v. Conlon, 32, Pac. 721; Eddy v. Railroad, 129 U. S. 291; Mining v. Manson, 10 Nev. 370.

KELLAM, J. This is an appeal from an order of the circuit court of Edmunds county overruling a demurrer to the complaint. Respondent brought the action to quiet the title to certain real estate in the complaint described. It is alleged: First, that plaintiff "is the absolute and unqualified ower in fee simple" of the land described; and, second, that the defendant "wrongfully and without right claims an interest in said land by virtue of an alleged purchase thereof at tax sale; that said claim is unjust and wrongful, and without any foundation in fact or law; that said claim is made adversely to said ownership and title of said plaintiff." To this complaint defendant demurred, on the ground that it does not state facts sufficient to constitute a cause of action. From an order overruling the demurrer the defendant appeals.

Appellant contends that section 5449, Comp. Laws, under which this action is brought, does not authorize an action to quiet title against one who does not claim "an estate or interest in real

property" adverse to the plaintiff, and that, as one who "claims an interest in said land by virtue of an alleged purchase thereof at tax sale" has a lien only, he is not in position to maintain an action under said section. The section reads as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." This view of the scope of this statute is apparently sustained by Bidwell v. Webb, 10 Minn. 59 (Gil. 41), in which it is held that a purchaser at a tax sale has no such "estate or interest" in the real estate so sold as would subject him to an action under this section. This seems to us to narrowly restrict the meaning of the word "interest" as used in that section. The evident purpose of the statute was to authorize one claiming to be the owner of real estate to himself initiate proceedings to test the validity of an adverse claim of "estate or interest" in such real estate asserted by another; to have the same canceled if unfounded, and thus relieve himself from the annoyance, and his property from the damaging and depreciating effect, of the constant and standing assertion and menace of such unfounded claim. He is not obliged to "suffer in silence" until such time as the adverse claimant shall see fit to formally and actively predicate judicial or other proceedings upon his claim. In this case the allegation is, in substance, that the property was unlawfully sold for taxes, and that the defendant is the holder of the sale certificate. This certificate will of itself, and by mere efflux of time, grow into a deed, which will purport, at least, to convey the title. Such outstanding tax-sale certificate injures and depreciates the owner's title in the same manner, though probably not in the same measure, as the tax deed which will be based upon it; and there would appear to be no good reason why such certificate, if invalid and wrongful, should be required to ripen into a deed, before the owner of the fee could attack it. In Eaton v. Supervisors, 44 Wis. 490, and again in Horn v. Garry, 49 Wis. 470, 5 N. W. 897, it was held that such a certificate did give the holder an interest in the real estate; that it was a certificate of the purchase of the land

described, subject to be defeated by redemption. We think the holder of such instrument ought to be regarded as claiming an interest in the land within the meaning of the statute quoted. This was distinctly so held in Axtell v. Gerlach, 67 Cal. 483, 8 Pac. 34; a case very similar to the one now before us as to facts. Kittle v. Bellegarde, 86 Cal. 556, 25 Pac. 55, was an action by one claiming to be the owner of real estate against one holding a certificate of sale for unpaid assessments for street improvements. The court held the action properly brought under the section of their statute corresponding with our section 5449. See, also, Withers v. Jacks, 79 Cal. 297, 21 Pac. 824, where it is said that this statute is intended to embrace every description of claim whereby the plaintiff might be deprived of his property, or its title clouded, or its value depreciated, and Maxon v. Ayers, 28 Wis. 612; Bogert v. City of Elizabeth, 27 N. J. Eq. 568; Rhea v. Dick, 34 Ohio St. 420. While the statutes of some of these states are not phrased precisely like ours, it is believed they were intended to apply to and afford relief in the same class of cases.

Appellant further contends that the complaint is demurrable because it does not set out the facts upon which the invalidity of the tax sale and certificate is claimed. This precise question has been ruled upon in several cases, and a complaint like this held sufficient. Ely v. Railroad Co., 129 U. S. 291, 9 Sup. Ct. 293, went up from Arizona. The question and conditions were entirely like those now before us. The court said: "An allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him and may not be known to the plaintiff." To the same effect, see Amter v. Conlon (Colo. App.) 32 Pac. 721; Railroad Co. v. Oyler, 60 Ind. 383; Mining Co. v. Marsano, 10 Nev. 370,—overruling a prior contrary holding in Blasdell v. Williams, 9 Nev. 161. McDonald v. Early (Neb.) 17 N. W. 257, seems to hold a different view, but even under that authority the complaint in this case would not necessarily be bad, for it does

set out "the nature, character and, extent" of the defendant's adverse claim, so avoiding the objection made by the Nebraska court to the complaint in that case. Nor was it necessary, in our opinion, for the complainant in this action to plead an offer to pay whatever tax might be just and proper against the land. The complaint alleges that the sale was wrongful and void, and that defendant's claim is without foundation in fact or law. If upon the trial it should appear that the land is rightly and justly subject to some tax, the judgment of the court can provide for its payment as a condition of relief, but the complaint does not show upon its face that the facts stated are sufficient to constitute a cause of action. The order of the circuit court overruling the demurrer is affirmed.