## MALE v. BROWN.

Where plaintiff makes an alleged ownership in land his sole basis of action
to quiet title, an answer is not demurrable where it makes a specific de-
nial of such ownership, with positive, affirmative averments showing
fee-simple title in defendant, though it does not recite all the evidence
by which such defense is to be established.

(Opinion filed December 17, 1898.)

Appeal from circuit court, Hand county. Hon. LORING
E. GAFFY, Judge.

Action by William H. Male against Minnie M. Brown.
From an order overruling a demurrer to defendant's answer,
plaintiff appeals. Affirmed.

The facts are stated in the opinion.

R. W. Parliman and Horace Comfort, for appellant.

S. V. Ghrist, for respondent.

FULLER, J. Plaintiff, in this statutory action to quiet
title, alleges that he is the fee-simple owner of the land
described in the complaint, and that the defendant wrong-
fully claims adversely to such estate. The answer, which
expressly denies every allegation of the complaint, except-
ing the defendant's claim of ownership, which is admitted,
concludes as follows: "And for a further and affirmative de-
fense the defendant alleges that she is the owner in fee-simple
of the lands described in the plaintiff's complaint; that in the
year 1892 said land was legally liable for taxation, and was
duly assessed for taxation by the taxing officers of Hand
county, South Dakota, and the taxes for said year were duly
spread upon the tax books of said Hand county, and became a

lien upon said land; that no part of said taxes was paid for said year of 1892 by any person, and the said land was duly sold for the delinquent taxes of said year of 1892 on the 6th day of November, 1893, by the treasurer of said Hand county, according to law, to one F. Blackman. and the amount for which said land was sold was $19.68. that a certificate of purchase for said land was duly executed and delivered by the treasurer of said Hand county to said F. Blackman, who afterwards, to-wit, on the 5th day of January,, 1894, paid the subsequent taxes on said land for the year 1893, amounting to $11.66, and on the 21st day of January, 1895, paid the subsequent taxes for the year 1894, amounting to the sum of $9.81, and on the 25th day of January, 1896, paid the subsequent taxes for the year 1895, amounting to the sum of $14.96; that no person redeemed said land from said tax sale, and on the 18th day of December, 1896, upon the surrender of such certificate of purchase, the treasurer of said Hand county, in the State of South Dakota, executed, in due form of law, and delivered to said F. Blackman, a treasurer's deed for the land so sold, being the same land that is described in the plaintiff's complaint, whereby the said F. Blackman became and was the owner in fee simple of said land, and thereafter, to-wit, on the 28th day of June, 1897, the said F. Blackman and Ethleen Blackman, his wife, sold and conveyed to said defendant, by a good and sufficient deed of conveyance, executed and delivered to this defendant, the land aforesaid, and all the estate, right, title, interest, claim, property, and demand of said F. and Ethleen Blackman in and to the same, whereby the defendant became, and now is, the owner of said land in fee simple." To the above-quoted paragraph a demurrer was interposed on the ground that the facts there stated

constitute no defense to the action, and this appeal is from an order overrulling such demurrer.

The form which an answer should take upon itself, under the reformed system, depends measurably upon the allegations of the complaint; and where ownership of real property is claimed, and made the sole basis of an action, a specific denial of such ownership, with positive, affirmative averments, showing fee-simple title in defendant, is· abundantly ample, without reciting all the evidence by which such substantive issuable fact is to be established, and plaintiff's claim of ownership defeated. Finding that part of the answer to which the demurrer relates, sufficient, the order appealed from is affirmed, and the case remanded for further proceedings according to law.