## Hale v. Grigsby *et al,*

1. Where D., though having the legal title to land, held it as trustee for plaintiff, and conveyed it to him, but before the deed was recorded defendant commenced action against D., attached the land, and filed *lis pendens*, recovered judgment, and threatened to sell the land on execution, there is a right of action, under Comp. Laws, § 4644, providing that a written instrument, in respect to which there is "a reasonable apprehension that, if left outstanding, it may cause serious injury" to a person against whom it is void, may, on application, be ordered to be canceled.

2. Complaint states a cause of action, under Comp. Laws, § 5449. providing, "an action may be brought by one person against another who claims an estate or interest in real estate adverse to him, for the purpose of determining such adverse claim," where it alleges that D., having the legal title to land but holding it as trustee for plaintiff, conveyed it to plaintiff, but thereafter, before the deed was recorded, defendant commenced action against D., filed attachment and *lis pendens* against the land, recovered judgment, and threatens sale or execution thereon.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by Amelia Hale against Melvin Grigsby and another, to set aside certain instruments relating to real property. Judgment for plaintiff. Defendants appeal. Affirmed.

*Sioux K. Grigsby* and *A. B. Kittredge,* for appellants. ·

*R. J. Wells,* for respondent.

CORSON, P. J. This is an action by the plaintiff against Melvin Grigsby to cancel and set aside certain instruments which cast a cloud upon her title to certain lands owned by her in Minnehaha and McCook counties, and also against Porter P. Peck, as receiver, appointed in certain actions wherein Grigsby was plaintiff and one Day was the defendant. Findings and judgment were in favor of the plaintiff, and defendants appeal.

On the trial the defendants objected to any evidence being admitted on the part of the plaintiff, on the ground that her complaint did not state facts sufficient to constitute a cause of action. This objection was overruled, and the defendants excepted, and now assign this ruling of the court as error. The complaint states, in substance, that the plaintiff is the owner of certain lands situated in Minnehaha and McCook counties, and that she became the owner of said lands on the 10th day of May, 1893; that the defendant Grigsby, on or about the 2d day of June, 1893, commenced an action in the circuit court of Minnehaha county against one Frederick T. Day, in which said Grigsby alleged that he and said Day were joint owners of certain lands, including the lands of the plaintiff, and that the said Day held the same in trust for the said Grigsby and said Day, and further alleged that the said Day was indebted to him

(said Grigsby) in a large amount, for which he prayed judgment; that judgment was rendered in the said action in favor of the said Grigsby for the sum of about $30,000, and that said Grigsby threatens to sell the lands of the said plaintiff under an execution issued in the said action; that, at the time of the commencement of the said action of Grigsby versus Day, the said Grigsby caused a notice of *lis pendens* to be filed in the office of the register of deeds in the counties of Minnehaha and Mc Cook, and included therein the lands of the plaintiff situated in the counties aforesaid; that, at the time of the commmencement of the said action of Grigsby versus Day, the said Grigsby procured to be issued a warrant of attachment, and caused the same to be levied upon the said lands of this plaintiff; that said Day and said defendant Grigsby are not the owners of the said lands; that said Day did not hold the same in trust for himself and the said Grigsby, but that said Day held the title to the aforesaid lands in trust solely for this plaintiff, and not otherwise; that said Day conveyed the aforesaid lands to this plaintiff on the 10th day of May, 1893, which deed was duly acknowledged and delivered and recorded on the 15th day of June, 1893. Plaintiff further alleges that on the 3d day June, 1893, the said defendant Grigsby commenced an action in the same court against the said Day and others, alleging therein that the said Grigsby and said Day had become the owners of a large amount of real estate, all of which stood in the name of the said Day, in trust for the said Grigsby and Day; that the lists so set out and described in the complaint in the action included the lands of the plaintiff; that in that action a notice of *lis pendens* was filed, which included the lands of the plaintiff, and that in said action said

Porter P. Peck was appointed receiver. The plaintiff in this action demanded judgment that the notices of *lis pendens* described in the complaint be canceled of record so far as they affect plaintiff's lands that the warrant of attachment issued in the action of Grigsby versus Day, and all levies made there-under, so far as it affects plaintiff's lands, be vacated and set aside, and that the judgment rendered in the action, so far as it affects the title of plaintiff's lands, be vacated and set aside, and that said Melvin Grigsby be, by order of the court, restrained from selling the lands of the plaintiff, pending the determination of this action; that the order appointing the defendant Peck receiver be so far modified as not to include the lands of the plaintiff, and that the plaintiff be declared to be the owner of the said lands free and clear of all claims of the defendant Grigsby.

It is somewhat difficult to determine from the complaint itself whether the same was intended to be drawn under the provisions of Section 4644, Comp. Laws, or Section 5449. The appellants seem to assume that the action was brought under the former section, but respondent claims it was intended to be brought under the latter section. Assuming that the appellants' theory is correct, they contend that the complaint fails to show that the plaintiff would suffer any injury by reason of the proceedings on the part of the defendant Grigsby. But we are unable to agree with appellants in this contention. If the defendant Grigsby has, as stated in the complaint, levied a warrant of attachment on the lands so claimed by plaintiff, included them in his notices of *lis pendens*, and threatens to sell the same upon an execution issued upon his judgment recovered against Day, certainly there is reasonable apprehension that

these proceedings, if left uncanceled, will cause serious injury to the plaintiff, and the plaintiff would therefore have the right to have such instruments canceled of record. Their invalidity is not apparent upon their faces, or upon the face of any other instrument which is necessary to the use of the former in evidence. Assuming the facts stated in the complaint to be true, Grigsby might, in case of a sale of the property under his execution and a sheriff's deed, be entitled, *prima facie*, to recover possession of the property by showing the title to be in Day, and his judgment against Day, execution thereon, sale by the sheriff, and deed, without showing the title of the plaintiff. Brace v. Van Eps, 12 S. D. 191, 80 N. W. 197. Hence the invalidity of the instruments is not apparent upon their faces. We are clearly of the opinion, therefore, that the complaint states facts sufficient to entitle the plaintiff to recover, if the action was brought under the former section of the statute.

We are also of opinion that the complaint is sufficient if the action was brought under Section 5449, Comp. Laws, as it clearly appears from the complaint that the defendant Grigsby claims an estate or interest in real estate adverse to the plaintiff. While it is not in terms stated in the complaint that the defendant Grigsby claims an estate or interest in real property adverse to the plaintiff, it clearly appears from the facts stated that he does so claim an estate or interest adverse to the plaintiff. Under the facts stated in the complaint, the plaintiff was the owner of the lands in controversy, and entitled to hold them as against the attachment and judgment in the case of Grigsby versus Day; the deed from Day to her having been executed on the 10th day of May, and prior to the commencement of the suit, the levy of the warrant of attachment,

and filing of notice of *lis pendens* in the case of Grigsby versus Day, although her deed from Day was not recorded until June 15, 1893.   Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949; Bateman v. Backus, 4 Dak. 433, 34 N. W. 66.

Appellants further contend that the findings are not sup ported by the evidence, and insist that the evidence in this case is similar to that in the case of Van Dyke v. Grigsby, 11 S. D. 30, 75 N. W. 274; but we are of opinion that the facts in the two cases are very dissimilar.   The decision in Van Dyke v. Grigsby was based very largely, if not entirely, upon a written contract entered into between Van Dyke and Day.   In this case no such contract is shown, and we think the court was justified in holding that Day, in taking the deed to the property in con- troversy in this action, was acting as the trustee of the plaint- iff.   When, therefore, he conveyed the property to the plaintiff, he discharged the duty imposed upon him by law, and properly vested the legal title to the property in the plaintiff, who was the equitable owner of the same prior to the execution and de- livery of the deed.

Again, in the case of Van Dyke v. Grigsby, it affirmatively appeared that the quitclaim deed from Day to Van Dyke of the property in controversy in that action was never in fact de- livered by Day to Van Dyke, but was delivered by the assignee of Day to Van Dyke several months subsequent to the com- mencement of the action of Grigsby versus Day and the levy of the attachment in that action, while in the case at bar the deed to the property in controversy was executed and delivered to the plaintiff prior to the commencement of the action of Grigs- by versus Day, and prior to the levy of the attachment in that action.   We are of opinion, therefore, that the findings are ful-

ly sustained by the evidence, and the judgment of the court below is affirmed.