## FRUM v. WEAVER *et ux.*

1. A complaint alleging that plaintiff is the owner of certain land, and is entitled to the immediate possession thereof, and that defendants are in possession claiming some right, title, or interest therein, states a cause of action under Comp. Laws, § 5449, to determine the adverse claim or interest, notwithstanding further allegations as to the nature of defendants' title, and the defects therein, which are surplusage, and do not change the character of the action.

2. Comp. Laws, § 3303, which provides that "every grant of real property, other than one made by the state, or under a judicial sale, is void, if at the time of the delivery thereof such real property is in the actual possession of a person claiming under a title adverse to that of the grantor," cannot be invoked in support of a demurrer to a complaint to recover land, which alleges that plaintiff has been the owner of the property since a certain date, because the complaint also shows that defendants have been in possession since prior to such date, as the demurrer admits the allegation of ownership, which implies a title lawfully acquired, unless the contrary appears from the pleading.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Hyde county. Hon. LORING E. GAFFY, Judge.

Action by Solomon B. Frum against Walter B. Weaver and Catherine Weaver. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*John L. Pyle*, for appellants.

*L. E. Whitcher*, for respondent.

HANEY, J. This appeal is from an order overruling defendants' demurrer to the complaint upon the ground that it does not state a cause of action. The first paragraph of the complaint is as follows: "That plaintiff is, and ever since the

6th day of January, 1898, has been, the legal holder and owner
of the southeast quarter of section thirty-one, in township one
hundred and thirteen north, of range seventy-two west of the
5th P. M., in Hyde county, South Dakota, in fee simple, and is
entitled to the immediate possession, but the defendants have
been during the time since said January 6th holding and occu-
pying said premises as a homestead, and claim some right,
title, and interest therein by virtue of a certain so-called
'treasurer's sale deed,' executed by C. P. Swanson, as county
treasurer, bearing date March 25, 1897, without plaintiff's con-
sent, and against plaintiff's will." The complaint also contains
an alleged tender of the taxes paid by defendants, and certain
defects in his tax title. The paragraph above quoted con-
stitutes in itself a cause of action. Male v. Brown, 11 S. D.
340, 77 N. W. 585. The allegations of the complaint relating
to defects in defendants' tax title are not inconsistent with
plaintiff's claim of ownership. They are not necessary to his
cause of action, and may be treated as surplusage. Trotter v.
Association, 9 S. D. 596, 70 N. W. 843. Plaintiff having alleg-
ed that he is the owner of the premises, and that defendants
claim some right, title, and interest therein, it devolves upon
defendants to allege and prove the facts upon which their
claim is based.

Defendants contend that the plaintiff cannot maintain this
action, because the complaint shows that they were in posses-
sion under a tax deed, adverse to his grantors, at the time his
title was obtained. The law relied upon reads as follows:
"Every grant of real property, other than one made by the
state, or under a judicial sale, is void if at the time of the de-
livery thereof such real property is in the actual possession of

a person claiming under a title adverse to that of, the grantor."
Comp. Laws, § 3303.   This contention is untenable.   The com-
plaint does not disclose the  manner  in  which  plaintiff's  title
was obtained.   Defendants' demurrer admits  that  plaintiff  is
and has been the  owner  since  January  6,  1898.   Ownership
implies acquisition of title in a lawful manner.   In the  absence
of any allegations to the contrary, it  must  be  presumed  that
plaintiff's title was acquired in one of the  methods  sanctioned
by the statute.   Counsel for respondent  criticises  the  statute
with much severity, calling attention to  the  fact  that · it  was
recently repealed.   Laws 1899, c. 109.   With the ˙wisdom  or
policy of such legislation courts are not concerned.   If, in fact,
plaintiff's title depends upon a grant made in  contravention  of
the statute then in force, he cannot maintain  this  action;  but,
as such fact does not appear upon the  face  of  the  complaint,
defendants' demurrer was properly overruled.   The  order  ap-
pealed from is affirmed.