CAMPBELL v. EQUITABLE LOAN & TRUST CO. OF VOLGA.

1. Comp. Laws, § 5449, provides that an action may be brought by any person against another who claims an estate or interest in real property adverse to him. A complaint alleged that plaintiff was the owner in fee simple of certain land, and that defendant claimed an interest in it by virtue of a pretended tax deed, but that such claim was without merit or foundation in law. *Held*, that the complaint stated facts sufficient to constitute a cause of action, notwithstanding it contained unnecessary allegations as to defects in defendant's title, since such allegations should be eliminated as surplusage.

2. Where a complaint stated a cause of action to quiet title, and also contained unnecessary allegations as to defects in the tax proceedings under which defendant claimed title, the legal effect of the unnecessary allegations cannot be determined on demurrer.

3.  Comp. Laws, § 5449, provides that any person may maintain an action to quiet title against another who asserts a claim or interest therein adverse to him; and section 1643, as amended by Laws 1893, chap. 160, provides that whenever any action is brought to recover possession or title to any property sold for taxes, or to cancel any deed or grant thereof for taxes, the true and just amount of taxes due on such property must be ascertained, and judgment rendered therefor against the taxpayer. *Held*, that it was not necessary, in an action brought under Section 5449 to quiet title, to tender the amount of taxes recoverable, in order to state a cause of action, and to justify the court in determining the matter, since it was the court's duty, under section 1643, to adjudge the proper portion of taxes to be paid by the owner.

4.  Comp. Laws, § 4932, provides that the plaintiff may unite in the same complaint several causes of action to recover real property. *Held*, that a complaint which united five causes of action to set aside five tax deeds on five separate tracts of land was not demurrable for misjoinder of causes of action.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Day county. HON. A. W. CAMPBELL, Judge.

Action to determine adverse claims to realty by John Campbell against the Equitable Loan & Trust Co. of Volga, S. D. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Hall &Hall,* for appellant.

*Davis, Lyon & Gates,* for respondent.

FULLER, P. J.  In this action to determine adverse claims to five separate and distinct tracts of Day county land, an appeal is taken from an order overruling a demurrer to the complaint, the second and third paragraphs of which are as follows:  "That the plaintiff at all the times mentioned herein is and was the owner in fee simple of the following described premises, situated in Central Point

township, Day county, South Dakota, to-wit: The southwest quarter of section eight (8) in township one hundred and twenty-one (121) north, range fifty-four (54) west of the fifth P. M. That the defendant claims an estate or interest in said premises adverse to the plaintiff, by virtue of a pretended tax deed executed by the treasurer of Day county, South Dakota, to the defendant, dated June 15, 1897, and which was recorded in the office of the register of deeds of said Day county, on June 22, 1897, in Book L of Deeds, at page 61, but that such claim is without merit or foundation in law." These paragraphs, which state a complete cause of action, are followed by numerous averments, of an evidentiary character, relating to a diversity of defects in appellant's title, which might well be eliminated as surplusage. Frum v. Weaver, 13 S. D. 457, 83 N. W. 579; Male v. Brown, 11 S. D. 340, 77 N. W. 585. These unnecessary allegations pertain to various irregularities in certain tax proceedings, the legal effect of which ought not to be determined on demurrer unless it appers from the entire complaint that respondent has no cause of action. In order to state facts sufficient to constitute a cause of action under section 5449 of the Compiled Laws, no averment of a tender of the amount of taxes recoverable is necessary, in order to justify the court in determining and adjudicating the matter, and the contention of counsel to the contrary is without merit. Section 1643 of the Compiled Laws, as amended by chapter 160, Laws of 1893, provides that "whenever any action * * * to recover the possession or title of any property, real or personal, sold for taxes or to invalidate or cancel any deed or grant thereof for taxes * * * the true and just amount of taxes due upon such property or by such person must be ascertained and judgment must be rendered and given therefor against the taxpayer, and the court may, if in its opinion the assessment or any subsequent

proceeding has been rendered void or voidable by the omission or commission of any act required or prohibited, order a reassessment of such property to be made by the proper officer, acting at the time of making of such order and the taking by the proper officer then acting of all such steps subsequent to assessment as shall be necessary to amend such assessment and levy, to the end that the whole matter may be adjudicated in the one action or proceeding and the proper proportion or ratio of tax be paid by the property owner." In Clark v. Darlington, 11 S. D. 418, 78 N. W. 997, it was observed, in .construing the foregoing statute, that "it has been the policy of the people of this state and of the former territory to require the payment of taxes on all real property subject to taxation; and hence they have provided that, whenever any action or proceeding shall be commenced to invalidate or cancel any deed or grant for taxes, it shall be the duty of the court to ascertain the true and correct amount of taxes due upon such property, and render judgment therefor." As the statute (Comp. Laws, § 4932) expressly provides that "the plaintiff may unite in the. same complaint several causes of action * * * to recover real property with or without damages for the withholding thereof, and the rents and profits of the same," the point that several causes of· action have been improperly united is not sustainable. After a careful examination of every point urged in appellant's brief, our conclusion is that the trial court was not in error, and the order appealed from is affirmed.