### BUCKHAM *v.* HOOVER & TILLOTSON.

1. Rev. Code Civ. Proc. 1903, c. 29, provides a system for quieting title to real property and determining adverse claims, and Laws 1903, p. 255, c. 194, authorizes the maintenance of an action for the same purpose against "unknown persons, heirs at law, devisees, legatees, creditors, executors and administrators of deceased persons," section 3 (page 256) of which requires plaintiff to state in his complaint that the defendants are proper parties under the act, and that the action is brought to determine all adverse claims to such property and to quiet title in plaintiff. Held, that the act of 1903 provided a cumulative remedy to that authorized by chapter 29 of the Code, and hence a complaint under that chapter was not objectionable for failure to comply with section 3 of the act of 1903, none of the parties provided for in such section being parties to the action.

2. The summons cannot be used for the purpose of interpreting the complaint on demurrer.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Potter county; Hon. LORING E. GAFFY, Judge.

Action by H. B. Buckham against Ben P. Hoover.    From
an order overruling a demurrer to the complaint, defendant
appeals.    Affirmed.

*Frank Turner*, for appellant.

*S. A. Keenan*, for respondent.

FULLER, J. Omitting the usual prayer for consistent relief,
the complaint in this action to quiet title to real property is as
follows: ''The plaintiff complains of the defendants, and for a
cause of action alleges:    First. That the plaintiff is the owner
in fee of that certain piece or parcel of real estate situate and
being in the county of Potter and state of South Dakota, de-
scribed as follows, to-wit:    The southwest quarter of section
nineteen (19), in township one hundred and nineteen (119) north,
of range seventy four (74) west of the fifth principal meridian,
containing 160 acres, more or less, according to the govern-
ment survey thereof.    Second. That the defendants, and each
of them, claim an interest or estate in and to said land adverse
to this plaintiff.    That the said claim of interest or title of the
said defendants, and each of them, is without any right or
validity whatever. ''    To reverse an order overruling a demur-
rer challenging the legal sufficiency of the facts stated in the
foregoing complaint counsel for appellant contends that the
action was brought under chapter 194, p. 255, Laws 1903, and
directs our attention to the summons, which substantially fol-
lows the form therein provided.    Among other provisions, sec-
tion 3 (page 256) of the act requires the plaintiff to state in his
complaint ''that the defendants are proper parties under the
provisions of this act, and that the action was brought for the
purpose of determining all adverse claims to such property and

of quieting title thereto in plaintiff.'' Without impairing chapter 29 of the Revised Code of Civil Procedure of 1903, which provides a system for quieting title and determining adverse claims to real property, the 1903 enactment purports to afford a cumulative remedy with reference to unknown persons, heirs at law, devisees, legatees, creditors, executors, and administrators of deceased persons; but none of such are made defendants here, and facts sufficient to constitute a cause of action under the earlier statute are stated in the complaint. Clark v. Darlington, 7 S. D. 148, 63 N.W. 771, 58 Am. St. Rep. 835; Frum v. Weaver, 13 S. D. 457, 83 N. W. 579; Campbell v. Equitable Loan & Trust Co. of Volga, 14 S. D. 483, 85 N. W. 1015; Hale v. Grigsby, 12 S. D. 198, 80 N. W. 199. In accordance with numerous authorities there cited, we say in Lindskog v. Schouweiler, 12 S. D. 176, 80 N. W. 190, that: ''The summons does not aid in interpreting the pleadings. The complaint alone is to be considered in determining the demurrer.''

It follows that the demurrer was rightfully overruled, and the order appealed from is affirmed.